## FORESMAN et al. v. TULSA BLDG. & LOAN ASS'N.

No. 18768. Opinion Filed Jan. 22, 1929.

Rehearing Denied March 12, 1929.

F. G. Wilson and R. C. Searcy, for plaintiffs in error.

Abbott & Rodolf, for defendant in error.

JEFFREY, C. This is an appeal from an order denying a petition to vacate and set aside a judgment, order of sale, and sheriff's deed made pursuant to said judgment, and to enjoin the sheriff from executing a writ of assistance. On October 18, 1923, W. S. Warner began his action in the district court of Tulsa county against Joseph W. Foresman, Georgia Foresman, Dickason-Goodman Lumber Company, and J. E. Ham. for the purpose of foreclosing a mechanic's lien upon certain property owned and occupied by the Foresmans. This action was numbered 24791. On January 24, 1924, Dickason-Goodman Lumber Company commenced another action against the Foresmans, Tulsa Building & Loan Association, C. A. Hereford, W. S. Warner, W. T. Brown & Company, and J. E. Ham, for the purpose of foreclosing a materialman's lien on the same property. This cause was numbered 25622. In the latter cause the Tulsa Building & Loan Association filed an answer and cross-petition, alleging that it held a note secured by a mortgage against said premises for the approximate sum of $4,500, and asked that its mortgage be declared a prior lien, and foreclosed. Thereafter, the Foresmans filed an answer and cross-petition against the pleading of the Tulsa Building & Loan Association. In their answer they admitted the execution and delivery of the note and mortgage in question. By their cross-petition they alleged special damages against the building and loan association. It was there alleged that the building and loan association, at the time of securing said note and mortgage, agreed to finance the construction of a building on the lots described by paying for the material and labor upon order of the owner; that this they refused and failed to do, and by reason thereof the building was never completed, and that the Foresmans suffered damages in the way of lost rents in the sum of $3,000. In addition thereto, they alleged that they had entered into a contract for the sale of said property to be consummated upon the completion of the building; that by reason of said building never having been completed, the sale was lost, and that they suffered a loss of profits by reason thereof in the amount of $2,000. The first action for the purpose of trial was consolidated with the latter. On April 24, 1925, when the cause came on for trial, it appears that all parties, together with their counsel, appeared. There were special contests between and among lien claimants over priorities, and an issue joined between the Tulsa Building & Loan Association and the Foresmans on the question of damages. At the conclusion of the evidence, the court made special findings of fact and conclusions of law. The court found the various amounts due each lien claimant, including the Tulsa Building

& Loan Association, fixed their priorities, and ordered the property sold and the proceeds applied in the manner therein directed. The Dickason-Goodman Lumber Company excepted to the decree of the court, and appealed to this court. The judgment of the court was affirmed in the case of Dickason-Goodman Lumber Co. v. Foresman, 120 Okla. 168, 251 Pac. 70. A special execution was then issued, and the property involved sold on February 8, 1927, and on February 11, 1927, the court confirmed the sale and sheriff's deed was issued. On March 14, 1927, Joseph Foresman and Georgia Foresman brought this action to set aside the judgment in the former case, the order of sale, order of confirmation and sheriff's deed, and to enjoin the sheriff from executing a writ of assistance on the ground that said judgment was void upon its face. A hearing was had, at which time record evidence was offered by both the Foresmans, who will hereafter be designated as plaintiffs, and the Tulsa Building & Loan Association, which will hereafter be designated as defendant. At the conclusion of the hearing, plaintiff's petition was denied. It was stipulated by the parties that the injunction phase of the case should be considered as a trial on the merits for a permanent injunction. From this judgment and order overruling motion for new trial, plaintiffs have appealed.

Plaintiffs' petition in error contains several assignments of error, but it appears to us that the appeal turns upon one question, Is the judgment rendered in cause No. 25622, April 24, 1925, void on its face? The journal entry of judgment, which was offered in evidence in this case, recites that:

"The parties announce ready for trial, and in open court waive a jury, and stipulate and agree that the above-entitled causes may be tried by the court without the intervention of a jury as to all matters save and except only the issue as to damages between Joseph Foresman and the Tulsa Building & Loan Association, which said issue is raised by the amended answer and cross-petition of the said defendants Foresmans, who demanded trial by jury upon said issue."

Plaintiffs insist that they demanded a jury trial upon the issue formed between their cross-petition and defendant's pleading, asking for recovery on its note, and for foreclosure of its mortgage; and that the court had no jurisdiction to try the question as to whether they owed defendant anything, and to foreclose defendant's mortgage; and that by reason thereof said judgment as to plaintiffs is void upon its face. The journal entry referred to recites that plaintiffs appeared at the trial in person, and by their attorney, who is one of the attorneys in this cause, and we think it a fair presumption, in the face of the record, that they remained present during the trial of the cause. The journal entry further shows that proof was taken as to the disposition made by defendant of the $4,500 loan involved in the foreclosure suit. And the court found that all of the $4,500, for which plaintiffs gave defendant a mortgage, was used for the benefit of plaintiffs in keeping with their contract, except $27, which had not been disbursed by defendant.

The right of trial by jury is, in American jurisprudence, regarded as a sacred right. And where such right exists, one may not be deprived of it without his consent. However, it does not appear that plaintiffs were denied a jury trial. The court reserved the question of damages to be tried by jury, and provided in the journal entry of judgment that such damages as might be recovered by plaintiffs against defendant should be set off against the amount found due defendant against plaintiffs. Plaintiffs admitted defendant's claim on the note, and it was merely a question of whether judgment on defendant's claim against plaintiffs on the note and mortgage would be rendered at that time, or withheld until a trial was had upon plaintiffs' claim for damages. The proceedings in the course of the trial indicate that the trial judge thought he was reserving to plaintiffs all rights that they desired in this connection. In so far as the record discloses, plaintiffs had no objection to the manner in which the trial was conducted. At least, they made no objections and reserved no exceptions to the findings and orders of the court. Such objections as might have been urged appear to have been waived. It appears that the trial court had in mind a prompt, if not an immediate, trial on plaintiffs' claim for damages. The record discloses that, immediately after the trial, on April 24, 1925, the remaining issue of damages between defendant and plaintiffs was called for trial by a jury: and that a continuance was granted because plaintiffs' counsel became ill. Thereafter, on December 4, 1925, this case was again called for trial on the issue to be tried by jury. At that time counsel for plaintiffs sought a continuance because the appeal of the Dickason-Goodman Lumber Company had not been disposed of. The court refused to grant a continuance, and counsel for plaintiffs withdrew his appearance as counsel in the case. Thereupon, the court dismissed plaintiffs' cross-petition for failure to prosecute. The sale proceed-

ings, under the mortgage foreclosure, were not had until long after plaintiffs had an opportunity to try their claim for damages, and long after their cross-petition had been dismissed for failure to prosecute.

But it is argued that plaintiffs pleaded damages as a defense to defendant's cause of action, and did not desire that their cross-petition be treated as a separate action for damages. There may have been a strategical advantage in so trying their cross-petition to the jury, but such is a mere matter of procedure which may be insisted upon or waived. The matter does not go to the jurisdiction of the court to render the judgment, but must be raised by objections and exceptions on appeal.

The journal entry of judgment complained of, as it appears in the record, does not recite a computation of the exact amount awarded defendant against plaintiffs, but that space is left blank. However, counsel for defendant states in his brief that this omission has been supplied by an order nunc pro tunc made with the consent of plaintiffs, and that no one is raising that question. Counsel for plaintiffs have filed a reply brief, but do not dispute this statement, and we take it as a fact.

Plaintiffs would not be entitled to the relief sought in the case, except and unless the judgment complained of is void upon its face. Counsel for plaintiffs point to no specific matter in the judgment roll, nor the absence of such, from which it might be said that the judgment is void upon its face. Neither are we favored with any citation of authority supporting the assertion that the judgment is void upon its face. On this question we have the judgment roll before us, and we are impelled to the conclusion that the judgment is not void upon its face. The judgment of the trial court is affirmed.

BENNETT, HERR, HALL, and DIFFEN-DAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Judgment," 33 C. J. §36, p. 1075, n. 61.