## DICKASON GOODMAN LBR. CO. v. FORESMAN et al.

No. 16868—Opinion Filed Sept. 28, 1926.

Rehearing Denied Dec. 14, 1926.

**1. Appeal and Error—Assignments of Error —Overruling Motion for New Trial.**

Under chapter 34, S. L. 1923, it is unnecessary to allege as error, in the petition in

error, or assign on appeal the overruling of the motion for a new trial in order to have the court pass on the errors of law alleged to have occurred at the trial.

### 2. Mortgages—Priority as to Mechanics' Liens—Distinct Units of Building.

Where a building consists of two or more distinct units or parts, such as basement, upper stories, and added rooms, each unit is considered as a distinct building in determining the commencement of the building or any of its distinct units and the priorities of the mortgage and mechanic's liens where the evidence shows that the units of the house were constructed at different times and under different contracts and different plans.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; A. C. Brewster, Assigned Judge.

Action by Dickason Goodman Lumber Company, a corporation, against Joseph Foresman and Georgia Foresman, consolidated with an action by W. S. Warner against said Foresman and said lumber company, Tulsa Building & Loan Association, C. A. Hereford, W. T. Brown & Company, and J. E. Ham. Judgment for Tulsa Building & Loan Association and all the other defendants, and plaintiff, Dickason Goodman Lumber Company appeals. Affirmed.

Jno. F. Kerrigan, for plaintiff in error

Abbott & Rodolph, for defendants in error.

Opinion by THREADGILL. C. This appeal involves the priority of liens between a lumber company that furnished material for building a house on lot 20 in block 9, Forest Park addition to city of Tulsa, and a mortgage on the same. The undisputed facts are substantially as follows: In 1918, the defendants Joseph Foresman and his wife, Georgia E. Foresman, built themselves a dwelling place on the above described lot by excavating a basement about 24 by 36 feet, and surrounded it with a basement wall extending about 3 feet above the ground, dividing it into two rooms, lathed and plastered, flooring it with boards, and covering it with rubberoid. In 1922, two more rooms were divided off by partitions, making this basement house a four-room house, in which the Foresmans lived till March, 1923. Early in the year 1923, they employed an architect to prepare plans and specifications for the construction of a bungalow on this basement foundation, and in March, 1923, they negotiated a loan with one of the defendants in error, the Tulsa Building & Loan Associa-

tion, for the sum of $4,500 with which to build the said bungalow. For the purposes of this loan, the said lot with said basement was appraised at $4,000, and the value the property would have after completion at $9,000. A mortgage on this property was executed to secure the loan, and on March 29, 1923, the mortgage was placed of record. Thereupon said defendants made a contract to build said bungalow, and the plaintiff, Dickason Goodman Lumber Company, furnished the materials for the building, the first item being furnished April 2, 1923, and the last item July 1, 1923, all of which amounted to $1,575 , of which sum $1,275 went into the bungalow and about $300 into a garage on the premises, and no part of which was paid, and on August 13, 1923, said defendants gave their note for the same. Thereafter, said plaintiff filed its statement for a mechanic's lien, and within due time commenced its action of foreclosure. Prior to the commencement of this action, George W. Warner had brought suit against the Foresmans to foreclose a mechanic's lien claimed by him against said property, and made plaintiff, in the first action, a defendant, and named other claimants as defendants, one of which was the Tulsa Building & Loan Association, and asking for the determination of lien priorities. For the purposes of the trial the two actions were consolidated with plaintiff in error as plaintiff and all the other parties as defendants. The claims of all the parties involved mechanic's liens for work and labor performed or materials furnished in building the bungalow, except the claim of the Tulsa Building & Loan Association. After issues joined. the cause was tried to the court April 24, 1925, and the court made findings of fact and conclusions of law, adjudicating the claims and priorities of all the parties, but as none of them have appealed except the lumber company, and as it does not complain except as to the priority given the claim or mortgage of the loan company, it will be unnecessary for us to consider the rights of any of the parties, except the lumber company and the loan company. As to these parties, the court found as follows:

"That in the fall of the year 1918, the defendant Joseph Foresman commenced the construction of a one-story dwelling house and basement on lot 20, in block 2, in Forest Park addition to the city of Tulsa, Okla., and excavated the basement, and built the walls thereof, and occupied two rooms of the same as his residence. * * * That in March, 1923, the defendant Foresman made application for a loan to the Tulsa Building & Loan Association, and obtained a loan for the sum of $4,500, and executed a mortgage on

said premises to secure said loan. * * * That Dickason Goodman Lumber Company furnished material for the dwelling house on said premises, the first item of which was furnished on April 2, 1923, the last item of which was furnished about the 1st of July, 1923, all of which material amounted to $1,575, of which sum $1,275 went into the dwelling house, and about $300 went into the garage upon the premises, no part of which was paid, and for all of which the defendant Foresman executed his note in the sum of $1,575 on August 13, 1923, in favor of said lumber company. * * * That from the commencement of the dwelling in 1918 until about April 1, 1923, there was no contract made as to the building of said dwelling, or the completion of same, and no continuous contract or definite contract of any kind made for the building of said premises until about April 1, 1923, and after the mortgage was duly executed and recorded by said Foresman to said Building and Loan Association, and no material furnished by said lumber company until after said mortgage was executed and filed for record. * * *"

And upon the foregoing findings of fact the court found as a matter of law:

"That as between the Tulsa Building & Loan Association and the Dickason Goodman Lumber Company, the mortgage of said association is superior to the lien of said lumber company. * * *"

To reverse this finding and conclusion of the court, the plaintiff, Dickason Goodman Lumber Company. has appealed and it appears that the only question for determination is the priority of the mechanic's lien and the mortgage lien above referred to.

Plaintiff states two assignments of error as follows:

"1. The court erred in decreeing the mortgage superior to plaintiff's lien in the sum of $1,275, the value of material that went into the bungalow, and in overruling plaintiffs's motion for priority on the findings.

"2. The court erred in overruling plaintiff's motion for a new trial."

This second specification is unnecessary and serves no purpose in the petition in error or brief and argument of plaintiff in error. Chapter 34, Session Laws 1923, provides as follows:

"Section 1. That in no case whatsoever, hereafter instituted, or now pending and not finally determined in the Supreme Court of this state, shall it be necessary for the plaintiff in error, or appellant, in the petition in error on appeal, to allege, in terms, that the trial court erred in refusing to grant such plaintiff in error, or appellant, a new trial, and in overruling the same, in order that the court may consider and pass on the errors of law alleged to have occurred at the trial; but in all such cases, when proper and necessary exceptions are saved in the trial court, where it appears from the allegations of the petition in error that such plaintiff in error, or appellant, seeks to have the Supreme Court review and determine alleged errors of law occurring at the trial, it shall be the duty of the Supreme Court to treat and consider all such errors, necessary to a decision, including error in overruling the motion for a new trial, as sufficiently raised and presented, to all intents and purposes as though the ruling of the motion for a new trial had been specifically assigned. Approved March 5, 1923."

This disposes of the second specification of error and leaves for our consideration only the first.

2. Plaintiff contends that the lumber company's lien was superior to the mortgage lien. This contention is based upon the theory that the record shows a continuity of purpose on the part of the Foresmans from the commencement of the basement, in 1918, to the completion of the bungalow, and it says this purpose was known to the mortgagee when it took its mortgage to aid in effecting this purpose.

If this theory were supported by the evidence, then, under provision of section 7461, Comp. St. 1921, which was adopted from Kansas, and a construction given it by the Kansas court in the case of Kansas Mortgage Co. v. Weyerhaeuser et al., 48 Kan. 335, 29 Pac. 153, we would be disposed to sustain plaintiff's contention and reverse the judgment. The pivotal point in the case is whether or not the building of the bungalow, for which plaintiff furnished the material, commenced with the digging of the basement in 1918, or with the house contracted for and built on this basement, and which we assume was commenced about April 1, 1923. Neither party has furnished us any testimony from the record as to the first work in commencing this house. The findings of the court do not enlighten us as to the first work. The nearest the court comes to it was in finding that the contract was made to build the house about April 1, 1923, and the lumber company furnished the first material on April 2, 1923. But under the statute and the construction above mentioned, neither the date of the contract, nor the date on which the first material is furnished, nor work and labor by the contractor, fix the date of the commencement of the building. There must be some definite visible work done on the foundation sufficient to make manifest to all persons, who might propose either to purchase or acquire liens on the property, that a building is com-

menced. This point is not covered by the findings of the court, nor by the evidence recited in the briefs of the parties, unless we adopt the theory of plaintiff, that the bungalow was commenced when the basement was commenced in 1918. Ordinarily, the digging of a basement upon which a house is thereafter constructed would fix the day of commencing the house, but could there be any exceptions to this rule? And does the instant case furnish an exception? In the ordinary case, the basement and house constructed thereon are one continuous plan under one continuous contract, but in the instant case the basement was dug and walled in, divided into rooms and covered over in pursuance of a plan, in the first instance, to make it a place to live in until some future time not definitely fixed, to depend upon some contingency when the Foresmans expected to move out of this basement, take off the roof, and build a bungalow on the basement foundation. They lived in this basement for about four years without any plans for a house to be built above it. They probably had the house in their minds, but it was unexpressed by any visible signs that would be notice to incumbrancers. In January and February, 1923, upon their order, an architect prepared plans for the bungalow. We do not know from the record the exact date when they commenced to build the house according to the plans and specifications of the architect, and we cannot say just what the first work was. We may assume that it commenced about April 1, 1923, and removing the roof of the basement was the first work done, but whatever the particular work was, or the date on which it was done, we think it is conceded that it was after the execution of the mortgage to the loan company. This makes a different case to the ordinary case of building a house. In the ordinary case, it is one continuous plan carried out to commence and complete the house. In the other case, they build the basement and cover it over and fit it for living quarters, and occupy it for about four years. This was one complete plan as manifested by what they did. The commencement and building of the bungalow on this basement four years thereafter was another distinct plan, separate and apart from the first and under a different contract. The exception may be further extended to cases where, after the house is completed under a definite plan, and used and occupied for the purpose of a dwelling place, other rooms are added to enlarge it; these additions might take place from time to time adding such units through many years. The house when first completed might

be mortgaged, and while the mortgage was in force the new room added and a mechanic's lien placed on the entire house and premises, which under the statute would attach, not from the commencement of the entire building and thereby supersede the mortgage, but from the commencement of the added room, and be subject to the mortgage. We think the rule should be that, in cases where a building consists of two or more separate and distinct units or parts, such as basement and upper stories and rooms added, each part is considered as a distinct building in determining the commencement of the building, or any of its distinct units, and the priorities of mortgage and mechanic's liens where the evidence shows that the units of the house were constructed at different times and under different contracts and different plans. It appears from the sixth paragraph of the findings of fact that the court took the view that the contract for building the bungalow, which was made about April 1, 1923, fixed the date when the mechanic's lien of the lumber company attached. We think this incorrect, as the statute fixes the time at the commencement of the building. We think the court's conclusion of law, that the mortgage lien of the Tulsa Building and Loan Association was superior to the mechanic's lien of Dickason Goodman Lumber Company, was correct, but this conclusion cannot be based upon the date of the contract to build, but rather upon the fact that the bungalow described in the contract to build, and for which the lumber company furnished the material, was commenced after the date of the mortgage.

On September 20, 1926, we heard oral argument in the case, at which time counsel for the defendants Foresmans appeared, and called attention to their cross-petition in error, filed by them, and asked leave to file a typewritten brief in support of the same which was granted. The cross-petition in error complains of the judgment rendered against them, on the ground that they pleaded damages as a defense against the claim and foreclosure of the building and loan association, and demanded a jury trial on this issue, and they say the court was without jurisdiction to render judgment against them for any amount without a jury trial on the issue of damages. They further state the judgment is contrary to the evidence and law. The record discloses that the issue as to damages claimed by these defendants was reserved for trial by jury at some future date. The court so ordered in the judgment. The record does not show any exception to this judgment on the part of the

Foresmans. They did not file a motion to correct the judgment, if erroneous, or to set it aside, if void, and they did not file a motion for a new trial, and they failed to give notice of appeal, and we must conclude that their cross-petition in error is not supported by statutory procedure, and therefore presents nothing for this court to pass on.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 1390, §1536 (Anno) ; 2 R. C. L. p. 98; 1 R. C. L. Supp. p. 395; 4 R. C. L. Supp. p. 80; 5 R. C. L. Supp. 70. (2) 40 C. J. p. 293, §371 (Anno).