## HOME SAVINGS & LOAN ASS'N v. SULLIVAN et al.

No. 18175.   Opinion Filed Jan. 22, 1929.

Rehearing Denied Jan. 14, 1930.

Shipman & Lewis, for plaintiff in error.

Yancey & Fist, George W. Boone, Conner & Tallman, Bailey E. Bell, V. A. Schiefelbusch, Aby & Tucker, Warren & Schaeffer, Leslie W. Lisle, Holt & Kopplin, and Biddison, Campbell, Biddison & Cantrell, for defendants in error.

FOSTER, C.  This action is to foreclose a mortgage for the sum of $14,000, given by J. C. Sullivan to the Home Savings & Loan Association, on a lot valued at $1,150 to $3,000, the purpose of the loan being to construct an apartment house thereon.  This action was consolidated with another action to foreclose a lien upon the same property, and several other materialmen claiming liens filed cross-petitions and pleas of intervention.  The mortgage was filed March 25, 1925, and the material was first furnished, under which the liens are claimed, on dates varying from April 1st to June 11, 1925.  The only question presented by this appeal is the priority between the lien claimants and the mortgagee, the amount of the mortgage and the amount of the liens being admitted.

The evidence discloses that most of the money received from the mortgage was paid to Sullivan to take care of payrolls as the work progressed.  The district court found in favor of the lien claimants, holding their lien superior to the mortgage lien of the Home Savings & Loan Association, with the exception of $1,000, which was paid by the Home Savings & Loan Association to one of the claimants for material furnished, which was given an equal lien with the other claimants.  From this judgment, the Home Savings & Loan Association appeals. The association will hereinafter be referred to as plaintiff, and the defendants in error as claimants.

Plaintiff presents only two propositions:

(1) That the finding of the trial court was not supported by the evidence; and (2) that the plaintiff's mortgage, having been recorded before the building was commenced and before the entire material was furnished for its erection, is superior to the claimants' lien.

However, the claimants first present a motion to dismiss this appeal, which is based upon the grounds that the motion for a new trial, which was filed two days after the judgment, was not signed by the plaintiff nor its attorneys. The claimants presented a motion to strike the same and thereupon the court allowed the motion for a new trial to be amended by permitting the attorneys to sign the same after the expiration of three days. Was this action on the part of the court error?

Section 286, C. O. S. 1921, provides as follows:

"Every pleading in a court of record must be subscribed by the party or his attorney."

Under the above section, claimants contend that the application for a new trial was not complete; that the statute is mandatory, as well as the statutes requiring that a motion for a new trial must be filed within three days.

It is well established in Oklahoma that the court has no power to extend the time for the filing of a motion for a new trial, nor can the court permit amendments to a motion for a new trial where the original motion wholly fails to set up grounds for a new trial. But an amendment may be made by inserting clear or more appropriate language for the grounds alleged therein. 3 C. J. 1086; Nowland v. City of Horace (Kan.) 54 Pac. 919; Joiner v. Goldsmith, 25 Okla. 840, 107 Pac. 733; Rice v. Folsom, 32 Okla. 496, 122 Pac. 236. No amendment, however, can be permitted to a motion for a new trial that disturbs any vested right. 21 R. C. L. p. 577; Long v. Pocahontas Consol. Collieries Co. (W. Va.) 98 S. E. 291.

Plaintiff contends that, according to the definition as set up in section 264, C. O. S. 1921, an application for a new trial is not a pleading. But whether it is a pleading or not, we believe the court can permit an attorney to sign the same after the time within which it must be filed. We have been unable to find where Oklahoma has passed directly upon this question, nor have we been cited to any cases in this or any other state where the identical question has been decided. However, in the case of Manspeak-er v. Bank of Topeka, 4 Kan. 770, 46 Pac. 1012, it is held that, where a petition was filed, which was unsigned, after summons was issued thereon, the attorneys were permitted to amend the same by fixing their signatures thereto, and no new summons need be issued, holding that the failure to sign was purely a technical error and could be amended.

We believe the same rule should be applied to motions for a new trial. The failure to sign is purely technical, and we believe the court has power to permit the signature after the time for filing the motion has expired, and, when so signed, it dates back to the time of the filing of the motion.

Plaintiff, under its first contention, objects to the finding of the trial court that the application for the mortgage and the oral evidence in the case show that certain work had been begun looking to the erection of the building, and that material had been placed on the lot by materialmen at the time the mortgage was recorded, for the reason that said finding is not supported by the evidence.

We will first consider plaintiff's second proposition, which is that there is no evidence in the record to support the finding of the court that this was a construction loan, and that the money was paid out only as the work progressed. The court made the following finding:

"The money to be paid out under this construction loan was to be held by the Home Savings & Loan Association at its home office at Bartlesville, or by its agent, L. N. Ewing & Company, in Tulsa, to be paid to the various claimants for material furnished and work done in the course of construction of the building."

From an examination of the record, we believe there is sufficient testimony to justify the above finding by the court. It appears that the money derived from the loan was not paid to Sullivan at any one time, but was distributed over a period of months, and at least one item in the sum of $1,000 above referred to was paid directly to materialmen who furnished material.

It is apparent from the record that there was an agreement that a building should be constructed as one of the conditions on which the loan was made; that the company reserved the right not to pay out the money until the building progressed to such a point as was satisfactory to the loan company.

The mortgage in this case was duly executed and recorded prior to the commence-

ment on the building against which the claimants' liens are asserted, and this court has decided in several cases that, under such conditions, the mortgage is prior. Basham v. Goodholm Investment Co., 52 Okla. 536, 152 Pac. 416; McGuyre v. Duncan, 100 Okla. 217, 229 Pac. 199; Dickason-Goodman Lbr. Co. v. Foresman, 120 Okla. 168, 251 Pac. 70.

In each of the above cases, as well as numerous cases from other courts under similar statutes, the mortgagee was under obligation to pay the money regardless of the construction of the buildings, and although, in the case of Basham v. Goodholm Co., supra, it was held that the mortgagee knew that a building was to be constructed, or was informed that a building was actually under construction, it did not deprive him of a prior lien for his recorded mortgage, yet, in that case, as well as many other cases cited from many jurisdictions, there was no agreement or understanding that a building should be constructed.

The plaintiff further relies upon the case of Martsolf v. Barnwell, 15 Kan. 612, in which case it is held that a lien of a mortgage for money advanced from time to time as the work progresses is prior to a lien claimant for material or labor. But in that case, the last advance was made by the mortgagee prior to the time that the first work and material was furnished under which the claimants sought to establish a lien.

We have examined authorities from many jurisdictions, and while the same are not all in harmony, we believe a majority of the courts hold that a prior recorded mortgage, for future advances as a building progresses, is a prior lien from the time of its execution and recordation as against lien claimants who furnish material or labor after the recording of said mortgage, although before all the advances are made. But, under such circumstances, the making of the advances is obligatory upon and not merely optional with the mortgagee.

In the case at bar, the court found, and it is apparent from the record, that the plaintiff advanced the money only as the building progressed, and that whenever the owner became indebted to laborers or materialmen, the plaintiff, at its option, had a right to withhold the money and pay it direct to the laborers or materialmen, or refuse to pay until the lien claimants were paid. This is supported by the testimony of Mr. Ewing, agent of plaintiff, who testifies, in part, as follows:

"Q. And Mr. Ewing, would you have paid for your company, at any time, the amount of this loan, regardless of the amount of construction work that had been done on the building, or would the building have to be completed before you would pay out this loan? A. We paid on it as it went along. Q. You wouldn't have paid the loan to Mrs. and Mr. Sullivan at the time it was made, without any construction work being done, would you? You reserved to yourself the right, and to your company the right, of paying this out as the construction progressed, did you not? A. That was the way it was paid, yes."

We have been cited to no case that we consider directly in point, nor have we been able to find any by independent investigation. Our attention, however, is called to the case of Reynolds v. Manhattan Trust Co., 83 Fed. 593; the second paragraph of the syllabus being as follows:

"A recorded railroad mortgage held by the trustee before any bonds are issued or mortgage debt created, is held by it merely as the agent of the railroad company, so that mechanics' liens which attach prior to the issuance of the bonds are prior in lien."

In this case a mortgage was given to a trustee and was recorded, but no money was paid out thereon until after certain labor was performed upon the railroad on which the bonds were issued. The court, construing a Nebraska statute, held that the lien of the laborers was superior to the lien of the prior recorded mortgage.

It has also been held that, in a contract for sale of land, where the vendor retains a lien upon the land for the unpaid purchase price, which contract also contains a stipulation that a building is to be constructed upon the land, although the contract is recorded, the lien for labor or material furnished after the execution of the contract is held superior to the lien of the vendor for the unpaid purchase price. Bohn Mfg. Co. v. Kuntz (Neb.) 46 N. W. 1123; Millsap v. Ball (Neb.) 46 N. W. 1125; Guiou v. Ryckman (Neb.) 110 N. W. 759; Pickens v. Plattsmouth Inv. Co. (Neb.) 55 N. W. 947; Sheehy v. Fulton (Neb.) 57 N. W. 395; Kimball Bros. Co. v. Fehleisen (Iowa) 169 N. W. 445; Shapleigh v. Hull (Colo.) 41 Pac. 1108.

From an examination of all the authorities in the briefs of both parties, together with many others from almost every state in the Union, we believe that, where it appears that the money from a prior recorded mortgage is to be paid only as the building progresses, and the mortgagee retains the option of determining when the money should

be advanced to the owner, claimants who furnish material, although the first material is furnished after the mortgage was recorded, have a prior lien to that of the mortgagee.

Under the circumstances in this case, we believe that there was an agreement between Sullivan and the plaintiff that a building should be constructed, and the plaintiff had the right to refuse payment of the mortgage until it ascertained whether all the claims for labor and material had been paid. The record discloses that the first material in this case was furnished soon after the recording of the mortgage and before any of the advancements to the owner had been made. We have often held in Oklahoma that all liens attach at the commencement of a building, and we therefore hold that the liens of the claimants in this case were prior to that of the recorded mortgage.

Under our view of the case, it becomes immaterial whether the building was commenced before or after the mortgage was recorded, and it therefore becomes unnecessary to consider plaintiff's first proposition.

It therefore follows that the judgment should be, and is hereby, affirmed.

TEEHEE, Commissioner, concurs.

REID, HERR, and BENNETT, Commissioners, concur in result.

LEACH, Commissioner, dissents.

By the Court: It is so ordered.