## PITTSBURG MORTGAGE INV. CO. v. STANDARD LUMBER CO.

No. 19967.    Opinion Filed May 5, 1931.

Robinson & Oden, for plaintiff in error.

F. R. Blosser, for defendant in error.

HEFNER, J. On December 10, 1921, Elijah B. Sadler executed a real estate mortgage to the Pittsburg Mortgage Investment Company covering land located in Roger Mills county. The mortgage was recorded on the 12th day of December. After the execution of the mortgage the house located on the premises was destroyed by fire. Thereafter Sadler entered into an oral agreement with T. E. Briggs whereby it was agreed that Briggs should take possession of the premises, build a new house thereon, and pay off the mortgage for a ½ interest in the premises. Briggs built the house under this agreement, and in order to do so purchased material from the Standard Lumber Company and failed to pay for the same.

In the year 1925, the lumber company filed a lien against the premises. Neither Sadler nor Briggs has ever satisfied the mortgage. On the 7th day of May, 1927, action was brought in the district court of said county by the Pittsburg Mortgage Investment Company against Sadler, Briggs, and the Standard Lumber Company to foreclose the mortgage. The Standard Lumber Company filed a cross-complaint and alleged that its lien was superior to plaintiff's mortgage and prayed a foreclosure thereof. The trial court found in favor of the lumber company, giving it a lien on the building separate and apart from the real estate superior to the lien of plaintiff, and entered judgment foreclosing the same.

Plaintiff contends that the court erred in decreeing its mortgage lien inferior to the lien of defendant. With this contention we agree. Plaintiff's mortgage was recorded long prior to the time of the commencement of the building for which material was furnished by defendant. Its mortgage lien was, therefore, superior to defendant's lien and attached to the building thereafter placed on the premises.

In the case of Basham v. Goodholm & Sparrow Inv. Co., 52 Okla. 536, 152 Pac. 416, this court announced the following rule:

"Under the laws of this state a mortgage duly executed and recorded takes precedence over a materialman's lien accruing after the recording of such mortgage, even to the extent of attaching to improvements placed upon the mortgaged premises afterwards by the materialman."

The rule there announced has been followed by this court in the following cases: Landers v. Bank of Com. of Okmulgee, 106 Okla. 59, 233 Pac. 200; Dickason Goodman Lbr. Co. v. Foreman, 120 Okla. 168, 251 Pac. 70; Morley v. McCaskey, 134 Okla. 50, 270 Pac. 1107.

Defendant contends that because the building was placed on the premises by Briggs under an agreement to that effect with Sadler, the owner, it could obtain a lien for material furnished Briggs for the erection of the building notwithstanding it had no contract with the owner to furnish the material, and in support thereof relies upon the following provision of section 7461, C O. S. 1921, as amended by chapter 54, Session Laws, 1923:

"If the title to the land is not in the persons with whom such contract is made, the lien shall be allowed on the buildings and improvements on such land separate from the real estate."

Defendant's contention might be sustained as between it and Sadler, the owner of the premises, but cannot be sustained as against plaintiff. Under the statute a materialman could only obtain a lien prior to a mortgage lien where the building is commenced prior to the recording of the mortgage.

Judgment is reversed, and cause remanded, with directions to enter judgment in favor of the plaintiff foreclosing its mortgage and decreeing it superior to the lien of defendant.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.