### BRADEN CO. v. ROBINSON et al.

No. 23024.   Dec. 27, 1934.

Withdrawn, Corrected, Refiled, and Rehearing Denied April 2, 1935.

Allen, Underwood & Canterbury, for plaintiff in error.

Chas. R. Nesbitt, for defendant in error.

ANDREWS, J.  L. A. Robinson, one of the defendants in error, instituted an action in the district court of Tulsa county against W. J. Whittaker, the grantee of the real estate in question under an executory contract with the Braden Company, the Braden Company, the grantor in the contract, and certain other persons, firms and corporations who claimed liens on the property, for the purpose of judicially establishing a lien and the extent and priority thereof.  The trial court rendered a judgment, from which only the Braden Company appealed.

The question as to agency, if any, existing between Whittaker and the Braden Company is not before this court.

The plaintiff in his petition alleged the existence of an oral contract between himself and L. O. Miller, the contractor, to furnish the material so furnished by him. None of the lienholders claim to have had a contract with the owner, the Braden Company, to furnish labor or material except the Lancaster Lumber Company, who had a written waiver and consent from the Braden Company only to the extent of materials furnished by the Lancaster Lumber Company.

The Braden Company contends that none of the lien claimants are entitled to any claim or lien on the real estate involved as against the Braden Company except the Lancaster Lumber Company, who dealt directly with and obtained a waiver from the Braden Company for material to be furnished.  With that contention we fully agree.

It is the further contention of the Braden Company that the trial court should have granted the Lancaster Lumber Company a first and prior lien upon the whole property

including the improvements. With that contention we do not agree.

It is further contended by the Braden Company that it should have been granted an interest in the whole property, including the improvements, to the extent of the unpaid purchase price, subordinate only to the claim of the Lancaster Lumber Company, and that all other lien claimants should have liens, if at all, inferior and subordinate to the Lancaster Lumber Company and the Braden Company. With that contention we do not agree.

Those questions have been decided contrary to the contention of the Braden Company, in the case of the Braden Company, An Express Trust, v. Lancaster Lumber Co. et al., 170 Okla. 30, 38 P. (2d) 575.

Section 10975, O. S. 1931, provides for liens of laborers and mechanics when the labor is performed or the material furnished, and further provides:

"Such liens shall be preferred to all other liens or incumbrances which may attach to or upon such land, buildings, or improvements or either of them subsequent to the commencement of such buildings, the furnishing or putting up of such fixtures. * * *"

When the real estate was conveyed under an executory contract by the Braden Company to Whittaker the only lien the vendor had was the vendor's lien against the real estate sold. No lien could attach to the improvements until the improvements were constructed, while the laborer and materialman acquired their lien upon the improvements when they performed the labor or furnished the material, and the lien of the vendor against the improvements is a subsequent lien to that of the laborer or materialman. The only advantage the Lancaster Lumber Company obtained over other lien claimants in dealing directly with the Braden Company, the owner, and securing a waiver for the material to be furnished, was in securing a superior lien on the real estate. In so far as its lien against the improvements, it obtained no greater or superior lien on the improvements to that of any other lien claimant furnishing labor or material. The fact that some of the lien claimants contracted with the building contractor and others with Whittaker, the executory grantee of the real estate, is immaterial and did not vary the character or priority of their liens. The right of the Braden Company does not depend upon a lien against the real estate, because it retained the title to same and the

executory vendee cannot prejudice such title and can cause it to be divested only by paying the price according to the terms of the contract. Stuart v. Westerheide, Adm'r, et al., 144 Okla. 150, 289 P. 721.

The court should have rendered judgment for the Lancaster Lumber Company, making the same a lien on the real estate superior to all other claimants thereon, and co-equal with the liens of the other materialmen and contractors on the improvements, and inferior only to the liens of the labor claimants on the said improvements.

Judgment should have been rendered in favor of the Braden Company for the purchase price of the real estate, with lien on the real estate, inferior only to the lien of the Lancaster Lumber Company and with lien on the improvements inferior to all other lien claimants.

The judgment of the trial court is reversed and the cause is remanded, with directions to set aside the judgment rendered herein and to render judgment in accordance with the instructions herein set forth.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and BAYLESS, JJ., concur. BUSBY and WELCH, JJ., absent.