LOCAL FEDERAL SAVINGS & LOAN ASS'N v. DAVIDSON & CASE LBR. CO. et al.

No. 35083.    Dec. 16, 1952.

Rehearing Denied March 10, 1953.

*255 P. 2d 248.*

156

Everest, McKenzie, Gibbens & Crawford, Oklahoma City, for plaintiffs in error.

Russell L. Morgan, Oklahoma City, for defendants in error and cross-petitioners in error, Roy Wallace, George Whatoff, Tom W. Valentine, and L. Hollis Grimmett.

Hemry & Hemry, Oklahoma City, for defendant in error Della G. York.

Halley, Everest, Halley & Spradling, Oklahoma City, for defendant and cross-petitioner in error, Davidson & Case Lumber Company.

O'NEAL, J. The question presented by the appeal is whether the mortgage, the materialmen's liens or the judgment lien is entitled to priority of payment in certain funds in the possession of the court's receiver.

The parties will be referred to as follows: Roy Wallace, who filed the suit, and the defendants, L. Hollis Grimmett and George Whatoff, and the interveners, Tom Valentine and Glenn Geiser, as lien claimants, or named individually as occasion demands, the

defendant, Davidson & Case Lumber Company, a corporation, as the Lumber Company, and the defendants Ruel B. Thomas and Della G. Thomas, now York, as the Thomases, or as Mr. or Mrs. Thomas, Hemry & Hemry, as judgment creditor, and the Local Federal Savings & Loan Association as the Local.

The Thomases owned jointly lot one (1) in block thirteen (13), Nichols Hill, Oklahoma county, State of Oklahoma. They made an application to Local for a loan on said property. On July 23, 1948, Local wrote a letter to Mr. Thomas that it approved the loan for $12,500 to be secured by a mortgage on the property and would disburse funds, as follows:

"1. When roof is on—outside sheeting on studs — windows, casing and sash set—plumbing and wiring roughed in—40% of Conventional Loan or $12,-500.00.

"2. When plumbing fixtures are set, plastered through-out. Trim on—Brick Veneer on — Cabinets built — top floor down—40% additional.

"3. 20% to add to F.H.A. proceeds to complete job.

"It is also understood and agreed at the time each disbursement of funds is made, proper evidence including paid bills and lien waivers will be submitted showing all materials and labor paid up to and including date of disbursement except those bills actually paid out of funds disbursed by this Association. Before date of first disbursement, we will require that Ruel B. Thomas and Stella Thomas execute FHA papers in the amount of $15,200.00 covering this property."

On July 31, 1948, Mr. Thomas made a contract with Tom W. Valentine, as superintendent of construction, for the building of a residence on the described lot, Valentine to be paid $100 a week for his services. On August 3, 1948, the Thomases executed their note to Local in the sum of $12,500 and a real estate mortgage to secure payment thereof. The mortgage was recorded August 5, 1948. Construction, or work, was commenced on the residence building August 9, 1948.

The Lumber Company's lien statement disclosed it furnished building material which went into the construction of the house on the lot, commencing August 9, 1948, to March 30, 1949, and filed a lien on April 6, 1949.

Tom Valentine, the superintendent of construction, entered into a verbal contract with Thomas to supervise the work, and filed a lien on May 23, 1949.

George Whatoff, a bricklayer, by contract under February 4, 1949, commenced work on said date and filed lien on April 12, 1949.

L. Hollis Grimmett, by oral contract, in December, 1948, built cabinets for residence and filed lien April 5, 1949.

Roy Wallace, by written contract of December 21, 1948, furnished the necessary plastering; the work was commenced December 29, 1948, and lien filed April 13, 1949.

Glenn Geiser, by oral contract, under date of October 4, 1948, furnished material and labor, and filed lien April 5, 1949.

Hemry & Hemry, as a judgment creditor, claims a judgment lien against the property under date of the judgment, May 24, 1949.

The above mechanics and labor liens as to the amounts due each claimant were duly established, as well as the date of filing lien statements, and that the material was used and labor performed in the construction upon the property.

On November 1, 1949, judgments were entered as against Mr. Thomas, as follows:

For the plaintiff, Roy Wallace, the sum of $584.00, with interest and attorney fees;

For the defendant, L. Hollis Grimmett, the sum of $643.52, with interest and attorney fees;

For the defendant, George Whatoff, the sum of $634.00 with interest and attorney fees;

For the defendant, Davidson & Case Lumber Co., the sum of $12,753.30, with interest and attorneys fees;

For the intervener, Glenn Geiser, the sum of $216.12, with interest and attorneys fees;

For the intervener, Tom W. Valentine, the sum of $204.00, with interest and attorneys fees.

and for a decree foreclosing their mechanics and labor liens.

For the intervener, Hemry & Hemry, the sum of $800.00, with interest, and for a decree of foreclosure as a judgment creditor as against Mr. Thomas;

For the defendant, Local Federal Savings and Loan Association, the sum of $10,203.28, with interest and attorneys fees, and for a decree foreclosing the mortgage.

The trial court during the progress of the proceeding appointed a receiver to take over the properties and complete the construction of the residence. The questions of priorities of the various claimants were reserved, as well as the personal liability of Mrs. Thomas.

On March 16, 1950, the court entered its judgment in favor of the mechanic and labor lien claimants, as against Mrs. Thomas, for the identical amounts with interest and attorneys' fees, as theretofore rendered on November 1st, against Mr. Thomas.

Mrs. Thomas, now Della G. York, was granted a judgment against Mr. Thomas for any sum of money which she may be compelled to pay out by reason of the judgment herein rendered. No appeal is taken by Mr. Thomas from the judgment.

Thereafter, and on October 9, 1950, the court's receiver completed the construction of the house, and under the court's order sold the property, free of all claims of the respective parties, for the sum of $26,500. This fund, less certain receiver's certificates and approved costs, is the subject of the present litigation.

The last journal entry of judgment bears date of December 20, 1950, which granted priority liens in the following manner:

The court granted the Lumber Co. a first lien in the sum of $9,524.62, with interest and attorneys fees, less the sum of $28.70 advanced by Local in making the loan;

Local, a 3rd lien in the sum of $5,000.00, together with interest and attorneys fees;

L. Hollis Grimmett a 4th lien in the sum of $643.52, and Roy Wallace a lien of $584.00 as co-equal liens, together with interest and attorneys fees;

The Local a 5th lien in the sum of $5,174.58, this lien being inferior to the liens of the Lumber Co., L. Hollis Grimmett and Roy Wallace;

The Lumber Company a 6th lien in the sum of $3,228.68, together with interest and attorneys fees;

George Whatoff, Glenn Geiser and Tom W. Valentine a 7th lien, inferior only to the liens of Local, Lumber Co., L. Hollis Grimmett and Roy Wallace, together with interest and attorneys fees;

Hemry & Hemry an 8th lien, inferior to all other liens.

The court held that the lien of the United States of America was inferior to all other liens and was extinguished by the sale of the real estate and premises had by the receiver. All of the foregoing liens carried accrued interest and attorneys fees, and the receiver was directed to disburse the funds in compliance with the judgment and decree.

Thereafter, and on January 29, 1951, upon motions, the court entered deficiency judgment against Ruel B. Thomas and Della G. Thomas, now York, as follows:

Lumber Company in the sum of $3,228.68, with interest and attorneys fees;

Local in the sum of $7,984.77, with interest and attorneys fees;

L. Hollis Grimmett in the sum of $584.00, with interest and attorneys fees;

George Whatoff in the sum of $634.00, with interest and attorneys fees;

Tom W. Valentine in the sum of $204.00, with interest and attorneys fees;

Roy Wallace in the sum of $584.00, with interest and attorneys fees.

The defendant, Della G. Thomas, now York, appeals from the personal judgment rendered against her.

We will give first consideration to the mortgage lien of the Local, and the Lumber Company's lien, and determine which is entitled to priority.

The Thomases, joint owners of the lot, borrowed $12,500 from the Local, giving their joint note and mortgage as security. Local was obligated to pay out to the Thomases, 40% when the roof was on, outside sheeting on studs, windows, casing and sash set, and plumbing and wiring roughed in. On November 26, 1948, Mr. Thomas furnished his affidavit to Local, that as of that date there were no unpaid bills or claims for improvements made or contracted for upon the property. The affidavit was supported by an itemized statement showing expenditures of the sum of $3,000 for labor upon the building operations. Upon this proof the Local advanced Mr. Thomas the sum of $5,000 on said date. On January 7, 1948, Mr. Thomas furnished an additional affidavit that as of that date there were then no unpaid bills or claims for improvements made or contracted for, and upon that showing obtained an additional $5,000 from the Local.

We find no evidence in the record that the affidavits did not truthfully state the facts as they then existed; neither is it controverted that Mr. Thomas had disbursed $18,752.91 upon construction bills when the second $5,000 was paid to the Thomases on the property.

Local contends that the material and labor liens were attached subsequent to the mortgage loan to the Thomases, and that lien claimants had actual and constructive notice of Local's mortgage lien.

That under Tit. 42 O.S. 1951 §141, as construed by our decisions, the Local's mortgage lien is entitled to preference in the distribution of the funds in the receiver's hands. The statute, so far as applicable, reads:

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material for the erection, alteration or repair of any building, improvement or structure thereon * * * shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances. * * * Such liens shall be preferred to all other liens or encumbrances which may attach to or upon such land, buildings or improvements or either of them subsequent to the commencement of such building, * * * and such lien shall follow said property and each and every part thereof, and be enforceable against the said property wherever the same may be found, and compliance with the provisions of this Article shall constitute constructive notice of the claimant's lien to all purchasers and encumbrances of said property or any part thereof, subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor."

The Lumber Company introduced no evidence as to the terms of any contract they had with Mr. Thomas for the furnishing of the building material. Their petition states that it furnished lumber and materials going into the construction job, commencing August 9, 1948, to March 10, 1949; that it filed the mechanics' lien April 6, 1949. The manager testified he wrote a letter under date of October 4, 1948, to the Local as follows:

"It is our understanding that you are making Mr. Thomas a first mortgage loan on that above property.

"This is to advise that we are furnishing the material on this job."

The Lumber Company contends that at the time Local advanced the last $5,000 to Thomas on January 7, 1949, its bill for lumber furnished aggregated the sum of $9,524.62, which money at the time was unpaid and due and owing to the Lumber Company. The contention is not supported by the Lumber Company's evidence, or otherwise by the record. Although its manager testified with reference to the letter of October 4, 1948, supra, he did not testify to the terms of its contract, or the payments due. Nothing was said in the letter as to when the materials were to be paid for during the building operation, or any request that the Lumber Company be advised as to advances to be made by Local to the Thomases under the mortgage. Furthermore, the evidence does not show that the Lumber Company, after writing its letter of October 4, 1948, again contacted the Loan Company or advised it of the status of its account with the Thomases. As we have noted, the advances to be made by the Local to the Thomases were definitely fixed under the Local's letter of July 23, 1948. Clearly, the transaction created no obligation upon Local to disburse the proceeds of the loan only to pay off any existing obligations of the Thomases incurred in the construction of the building.

In Basham et al. v. Goodholm & Sparrow Inv. Co., 52 Okla. 536, 152 P. 416, the court held:

"The mere knowledge of a party who holds a recorded mortgage against certain land that the owner of the land intends to improve same, or the knowledge that the owner is improving said land, will not warrant the subordination of the said mortgage to a materialman's lien filed upon said premises for material furnished in making said improvements."

The holding of the Basham case is followed in the case of Pittsburg Mortgage Inv. Co. v. Standard Lumber Co., 148 Okla. 297, 298 P. 885, and Shefts Supply, Inc., v. Brady, 170 Okla. 590. 41 P. 2d 820. The Basham case was cited with approval in Antrim Lbr. Co. v. Claremore Federal Sav. & Loan Ass'n, 204 Okla. 387, 230 P. 2d 274.

Under Tit. 42 O.S. 1951 §92, a person who performs work and labor under a contract with another is given a lien on the product of his labor, for such work and labor, and under Tit. 42 O.S. 1951 §96, such laborer is given a lien over all other liens created prior or subsequent to the laborer's lien.

In the last-cited case the court, construing the above mentioned statutes, said that these statutes were only applicable where the lien claimant has performed manual labor with his own hands in the construction of the improvements upon the real estate, and the lien is only upon the improvements so constructed by him, which lien is superior to a prior mortgage lien. As we shall hereafter point out, the mechanic liens of the defendants and interveners were not such labor liens.

The Lumber Company, to support the judgment of priority, states:

"Advances made pursuant to a mortgage to secure future advances which the mortgagee was not obligated to make are subordinate to incumbrances intervening between the giving of the mortgage and the making of the advances if the advances were made with notice or knowledge of the intervening incumbrances."

Antrim Lbr. Co. v. Claremore Federal Sav. & Loan Ass'n, 204 Okla. 387, 230 P. 2d 274, is relied upon to support the foregoing assignment. It was there contended that the fee owner procured a construction loan from the Loan Company and that the latter was required to hold the proceeds of the loan until satisfied that all labor and material liens had been paid in full. Disposing of this contention, we held the mortgage superior to the mechanic's lien because there was no evidence that the

mortgagee had the right to withhold the proceeds of the loan and pay it out as it desired and as the building progressed.

In the Antrim Lbr. Co. case, as in the instant case, the Lumber Companies did not advise the Loan Companies of any indebtedness due them prior to the advances made by the Loan Company to the owner. The Antrim Lumber Company's decision distinguishes our decision in Home Sav. & Loan Ass'n v. Sullivan, 140 Okla. 300, 284 P. 30, by pointing out that if the mortgagee and owner had an agreement that the building should be completed before the money was paid out, and the mortgagee had the right to refuse payment until the building was completed, that materialmen who furnished material, after the recording of the mortgage, but before the money is paid, have a prior lien to that of the mortgagee.

In Garey v. Rufus Lillard Co. et al., 196 Okla. 421, 165 P. 2d 344, this distinction was again pointed out. We held there that where mortgage provided for subsequent advances optional with the mortgagee, such advances made and secured by second and third mortgages would be treated as junior incumbrances inferior to the intervening liens attaching to property.

In 57 C.J.S. §205 (b), p. 773, the rule is announced as follows:

"In a majority of jurisdictions, a mortgage given to secure future advances has priority over mechanics' liens subsequently arising to the extent of the full amount advanced, including what is advanced after, as well as before, the accrual of the mechanics' liens, at least where the mortgage was recorded prior to the performance of services or the furnishing of the materials, and the making of the advances was obligatory on the mortgagee under the terms of his contract with the mortgagor * * *."

Under the rule thus announced, supported by our decisions, we are of the view that the court erred in giving the Lumber Company first priority in the proceeds, less the item of $28.70 to Local.

Our disposition of the controversy between Local and the Lumber Company obviates the necessity of a further discussion of the decree allowing Local a lien of $5,000 junior to the lien of the Lumber Company in the sum of $3,947.95, which was paid to Local by the receiver. As we have heretofore noted, the decree granted the Lumber Company a lien superior both to Local and the lien claimants. As we view the record, the Lumber Company and the other lien claimants are co-equal.

The plaintiff's, defendants' and interveners' claims, other than the Lumber Company, for priority payment, were disposed of by the decree as follows: Roy Wallace, plaintiff, and L. Hollis Grimmett were decreed to have co-equal liens, which were declared to be superior to the lien claimants Whatoff, Valentine and Geiser. The Wallace claim is based upon doing a plastering job in December, 1948; the Grimmett claim is based upon the construction of bookcases off of the premises and delivered in January or February, 1949. The lien claimant, Whatoff, did the brick work in February, 1949, and Geiser did the painting, papering and decorating, but the record does not disclose when the work was commenced. Valentine was given a mechanics lien, and the question as to whether or not he was entitled to such lien was never raised in the trial proceedings or in the motions for a new trial or in this court on appeal. Since the question was not raised, it will not be considered by this court. Von Stilli v. Young, 203 Okla. 86, 219 P. 2d 224.

The decree granted the plaintiff, Wallace, and the defendant, Grimmett, co-equal rights, superior to all other lien claimants. The order is erroneous. No evidence in the records warrant giving them a preferential position. Other lien claimants furnished material and labor and also filed lien claims prior to the Wallace and Grimmett claims. The

lien claimants have adopted and here rely upon the brief of the Lumber Company in support of their claims. They assert that since the Local had notice that the Lumber Company was furnishing material on the job, that fact was notice that the other lien claimants were furnishing labor and material on the job. What we have heretofore said with reference to the Lumber Company's claim of priority over the Local, mortgagee, applies with equal force here.

As we view the record, the claims of the Lumber Company and other lien claimants, stand co-equal, and that the funds in the hands of the receiver should be so distributed, subject only to the superior mortgage lien of the Local. This view is supported by our decisions in Republic Supply Co. v. Powell et al., 71 Okla. 105, 175 P. 519, and Braden Co. v. Robinson et al., 171 Okla. 278, 43 P. 2d 437.

If the funds in the hands of the receiver are insufficient to pay the lien claimants in full, then claims should be paid co-equal upon a pro rata basis.

Mrs. Thomas, now Della G. York, by cross-petition in error challenges the judgment rendered below based upon a personal liability in the form of a deficiency judgment rendered against her. The record disclosed her joint ownership of the real estate, and that she and Mr. Thomas executed the note and mortgage to the Local to procure the loan of $12,500. There is evidence establishing her participation in the construction of the residence which was intended to be occupied as the home. She made payment of certain bills incurred by subcontractors for labor. She joined Mr. Thomas in borrowing money and executing a mortgage upon other city property owned by her, the funds being applied to the building project. These and other facts and circumstances, as shown by the record, support the judgment against her as a deficiency judgment.

To defeat the deficiency judgments it is argued that Glenn Geiser, a lien claimant, did not comply with Tit. 12 O.S. 1951 §686, by filing a motion within 90 days from the date of the sale by the receiver. This is a correct statement of the record.

The record further discloses that the claimants, Wallace, Whatoff and Valentine, filed motions for deficiency judgments against Mrs. Thomas, now York, but did not serve notices thereof upon her or her counsel within a 90-day period, and it is claimed that under said section 686, the failure to serve notice bars claimant's right for a deficiency judgment. These contentions cannot be sustained. We have heretofore held that 12 O.S. 1951 §686 has no application in the collection of a deficiency judgment subsequent to a lien foreclosure sale.

In Price v. Shell Oil Co., 199 Okla. 193, 185 P. 2d 211, we held that §686, as amended, is not ambiguous, and the proviso added by the 1941 amendment applies only to mortgaged foreclosure proceedings.

We hold that the Local Federal Savings & Loan Ass'n should be granted a prior and superior lien in the funds in the hands of the receiver, to the extent of the money advanced by the Local to Thomases, under the mortgage. That the Davidson & Case Lumber Company, Roy Wallace, George Whatoff, L. Hollis Grimmett, and Glenn Geiser be granted liens upon said fund on a co-equal and pro rata basis, subject to prior lien of the Local and Tom Valentine.

That if the funds in the hands of the receiver are insufficient to pay in full the judgment of the Local, Lumber Company and lien claimants, as herein designated, that judgment be rendered for the deficiency found by the trial court to be due the mortgagee and the lien claimants against Ruel B. Thomas and Della G. Thomas, now Della G. York.

The case is reversed, with directions to enter personal judgments and decrees in conformity with the views herein expressed.

HALLEY, V.C.J., and CORN, GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.