**INDUSTRIAL TILE COMPANY, Plaintiff in Error,**

v.

**HOME FEDERAL SAVINGS & LOAN ASSOCIATION OF TULSA, Florence B. Hoot, Inc., and Florence B. Hoot, Defendants in Error.**

**No. 37901.**

Supreme Court of Oklahoma.

June 10, 1958.

Rehearing Denied Nov. 18, 1958.

E. D. Brewer, George E. Brewer, Tulsa, for plaintiff in error.

Joe B. Houston, Gerald B. Klein, R. L. Davidson, Jr., Tulsa, for defendant in error.

CORN, Vice Chief Justice.

This is an action to foreclose certain material and mechanics' liens, a first and

second mortgage and a vendor's lien contract against an owner builder, Florence B. Hoot, Inc. From a judgment, determining two of the liens of co-equal priority and superior to first mortgage of the Home Federal Savings & Loan Association of Tulsa and the lien of the Industrial Tile Company, plaintiff in error and the other liens of equal priority, and junior to first two liens, now owned by said mortgage company, and said first mortgage, the plaintiff in error appeals.

The matter was submitted upon an agreed statement of facts. Florence B. Hoot, Inc. was the owner-builder, and in a continuous building operation by it, commencing on the 24th day of January, 1955, each lien claimant performed labor and/or furnished materials under his or its own separate agreement with the owner-builder at the times stated and in the amounts stated in their liens duly filed.

Crews Lumber Company furnished material from January 24, 1955 to July 27, 1955, lien filed on September 6, 1955. Ted Spangenburg Company Inc., furnished material from January 28, 1955 to November 23, 1955, lien filed January 16, 1956. Both of these liens are now owned by the defendant in error.

The note and mortgage in favor of Home Federal Savings & Loan Association of Tulsa, defendant in error, was dated January 31, 1955, mortgage filed on record February 2, 1955.

The plaintiff in error, Industrial Tile Company performed labor and furnished material from August 1, 1955 to September 20, 1955, lien filed January 18, 1956.

The other lien claimants performed labor and/or furnished materials over various periods of time from March 11, 1955 to February 14, 1956, lien filed by each at various times within the time required by law. The defendant in error now owns these liens. No contention is here made that the court erred in determining these liens, including lien of the plaintiff in error, to be equal in priority, regardless of the date the labor was first performed and materials first furnished.

The plaintiff in error appeals contending that when the erection of a building is one continuous project, all liens on the real estate and improvements for labor performed and materials furnished for such building, have their priority dating from the commencement of the building and are co-equal and that all such items are superior to a mortgage placed thereon subsequent to its commencement and up to the end of the lien filing period after its completion.

The converse, the contention of defendant in error and the judgment of the trial court, is where material is furnished and labor performed by several parties, under separate contracts with the owner-builder even though one continuing project, the liens attach to said property as of the date the first material was furnished by him or it or the first labor performed by him or it and not as of the date of the commencement of the building, the determining factor being whether there is one general contractor and not whether there is one building project.

The liens involved herein were created by 42 O.S.1951 § 141. Their effect on and priority to other encumbrances placed on the property must be ascertained from a construction thereof.

Referring only to the provisions applicable, 42 O.S.1951 § 141, provides:

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material for the erection * * * of any building, * * * thereon or perform labor in putting up any fixtures, * * * in * * * any such building, * * * or who shall build * * * or furnish labor or materials for building * * *, shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances. * * * Such liens shall be preferred to all other liens or encumbrances which may attach to or upon such land, buildings or improvements or either of them subsequent to

the commencement of such building, * * * and compliance with the provisions of this Article shall constitute constructive notice of the claimant's lien to all purchasers and encumbrances of said property * * * subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor."

The clear import of the words used in Sec. 141, supra, is that any person who shall, under contract with the owner of the land, perform labor or furnish material for the erection of any building thereon shall have a lien upon the land and building; and that such liens shall be preferred to all encumbrances which may attach to or upon such land, buildings or improvements or either of them subsequent to the commencement of the building. There are no words of limitation restricting the effect thereof. The requirements are that a person have a contract with the owner to furnish material or perform labor on the building. This section has nothing to do with a general contractor and his subcontractors which is covered by 42 O.S.1951 § 143. The determinative factor, therefore, is that the owner have one project. How many persons he enters into contracts with to complete the project is of no concern. The lien of such person for the portion of the project performed by him, or it, is preferred and prior to all encumbrances which attach upon the land and building after the commencement of the building. In other words the lien in such case attaches as of the date of the commencement of the building, not as of the particular date of the furnishing of the material or performance of the labor of each.

In conformity with this construction Sec. 141, supra, then provides if the claimant complies with the provisions of the Act as to perfecting of the lien, it is constructive notice to all encumbrances of said property subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor in the construction of such building project. The date of the furnishing of the first material and the performance of first labor on the project is the determining factor of the priority of lien arising under this section over subsequent encumbrances or purchases.

Although it has not always been so set forth in as many words, it is our opinion that this court has so applied and construed Sec. 141, supra, in various cases in which the question of the interpretation of said section was presented.

In the case of Key v. Hill, 93 Okl. 64, 219 P. 308, 309 this court held:

"By section 7461, Comp.Stat.1921 [42 O.S.1951 § 141], such liens are given a priority over all subsequent incumbrances, and where a loan company takes a mortgage and makes a loan upon lots, while buildings to be placed thereon are in course of construction, such loan company acquired its rights with full notice of lien claims of laborers, mechanics, and materialmen, accrued and accruing, until the construction of the buildings is completed."

In the body of the opinion at page 311 of 219 P., it was said:

"The mortgagee would take notice of the rights and liens of laborers, mechanics, and materialmen existing at the time the mortgages were taken. The mortgages were taken long before the buildings were completed and while they were in course of construction, so it appears that the mortgagee took, with the notice, not only of rights accrued, but of rights thereafter accruing to the laborers, mechanics, and materialmen in completing the construction of the buildings upon which it was granting a loan, and its mortgages were taken subject thereto. If the plaintiff took proper legal steps under the Code to perfect his lien, then he is entitled to a priority over the mortgagee."

The opinion in that case discloses that there was no general contractor, merely one project to build the buildings.

Again in the case of Sherbondy v. Tulsa Boiler & Machinery Co., 99 Okl. 214, 226 P. 564, 565, wherein the opinion discloses no general contractor but does show one building project in applying the same interpretation in the body of the opinion at page 567 of 226 P., we said:

"It is clear, under section 3862, R.L. 1910 [42 O.S.1951 § 141], that the lien of the plaintiff for the material furnished dated back and attached as of the time of the commencement of the refinery, and that the same is superior to the rights of the purchasers acquired after the commencement of the refinery."

Although it does not appear that the question was particularly raised to reach the result the same interpretation was applied in the case of Local Federal Savings & Loan Ass'n v. Davidson & Case Lumber Co., 208 Okl. 155, 255 P.2d 248 and First National Bank of Bethany v. Eagan, Okl., 263 P.2d 157. See also Braden Co. v. Robinson, 171 Okl. 278, 43 P.2d 437; and Dickason Goodman Lumber Co. v. Foresman, 120 Okl. 168, 251 P. 70.

To sustain the judgment the defendant in error relies principally upon the case of Fleharty & Co. v. National Loan & Inv. Co., 89 Okl. 292, 215 P. 744 in which it was held:

"Where material is furnished and labor performed, under a contract with the owner of property to install the plumbing in a building being erected by another, under a separate contract with said owner, held, the lien for such material furnished and labor performed attaches to said property as of the date the first material is furnished or the first labor performed, and not as of the date of the commencement of said building."

The language used therein is certainly broad and in effect, if generally applied, sustains the trial court's judgment in this case. In the body of the opinion at page 746 of 215 P. the court held:

"We cannot agree with counsel for plaintiff in error that the lien for plumbing which was done under a contract with the owner of the property, would attach from the commencement of the building, which was erected under a separate contract, between the owner of the property and the builder, to which the plumbing company was not a party.

"Our construction of section 7461, supra [42 O.S.1951 § 141], as applied to this case, is that the lien for the plumbing attached or became operative on 'the date of the furnishing of the first item of material or the date of the performance of the first labor,' under the plumbing contract."

It is our opinion that the language used in that opinion is broad and would have the effect, if applied generally, of incorrectly construing Sec. 141, supra, and if so applied would be contrary to the construction placed thereon by this court in other cases, some of which are cited herein. We think the construction thereof by this court in those cases is correct and effectuates the priority between the liens created thereby and other encumbrances as outlined therein. However, as applied to the assumed state of facts as outlined in the opinion, it not appearing that there was one continuous building project, and limited to the situation disclosed therein, the construction of Sec. 141, supra, in the case of Fleharty v. National Loan & Inv. Co., supra, was correct and properly fixed the priority of the mortgage over the lien. This being true such case is not only not in conflict with, but is in conformity with our holding in this case.

In view of our conclusion herein the cases from other jurisdictions and the cases arising under the oil and gas lien statute, cited by defendant in error, are of no help and inapplicable.

We must, therefore, conclude that the trial court erred in holding that the plaintiff in error's lien did not date from the commencement of the building and that it was junior to defendant in error's mort-

gage placed on the land subsequent to the commencement thereof.

Reversed and remanded with directions to take further proceedings in conformity with this opinion.

HALLEY, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

WELCH, C. J., and DAVISON, JOHNSON and WILLIAMS, JJ., dissent.

DAVISON, Justice (dissenting).

I cannot agree with the opinion and decision of the majority of the court in the captioned case and wish to express my dissenting views on the matter. The gist of the opinion is that any mechanic or materialman who, under contract with the owner, performs labor on, or furnishes material for, a building operation in progress, has a lien therefor on said building, prior to any incumbrance executed after the commencement of the building, the only prerequisite being that it is a continuous building operation.

The lien is statutory and I do not believe the law (42 O.S.1951 § 141) makes such a provision nor do the cases cited in the majority opinion sustain such a conclusion. In the Key v. Hill case [93 Okl. 64, 219 P. 2d 311], "the contract under which the plaintiff rendered services is dated May 1, 1918, and the proof tends to show that plaintiff began rendering services under the contract at about that time or soon thereafter, and before the mortgages to the defendant corporation were executed. The mortgages were dated June 20, 1918. The proof tends to show that the plaintiff was on the job at the time the mortgages were executed, and until the completion of the buildings, on or about the 1st day of January, 1919." In the Sherbondy v. Tulsa Boiler & Machinery Co. case [99 Okl. 214, 226 P. 565], "the first material furnished by the plaintiff was on March 26, 1917 and the last item furnished was on September 13, 1917. * * * On July 19, 1917, the Federal Refining Company sold and conveyed the real estate in question to W. E.

Sherbondy, and at that time the refinery was being built, and the Federal Refining Company agreed to complete the refinery at its cost and expense. On July 23, 1917, Sherbondy sold and conveyed said real estate to the Acme Refining Company, and on August 21, 1918, the Acme Refining & Pipe Line Company sold and conveyed said property to A. W. Henn." In the case of Local Federal Sav. & Loan Ass'n v. Davidson & Case Lumber Co., the mortgage was held to be superior to the liens. In the case of First National Bank v. Eagan the question was whether or not the trial court's finding, that work had started at the time of the execution of the mortgage, was supported by the evidence. This court held that it was. In Braden Co. v. Robinson case, the court was considering the marshaling of assets in a controversy between a vendor's lien claimant and laborers and materialmen in so far as priority of liens on the improvements only was concerned. In the case of Dickason Goodman Lumber Co. v. Foresman it was held [120 Okl. 168, 251 P. 72] that, "where the evidence shows that the units of the house were constructed at different times and under different contracts and different plans," the lien of a mortgage is superior to mechanics' and materialmen's liens arising from the construction of those units commenced subsequent to the execution of the mortgage. These are all of the cases cited in support of the opinion and it is impossible to see their application to the case at bar.

The other case cited and which the opinion overrules by implication, is that of Fleharty & Co. v. National Loan & Inv. Co. It is my opinion that this last cited case presented the same question as is here involved and is determinative of it. The first syllabus in that opinion is as follows:

"Where material is furnished and labor performed, under a contract with the owner of property to install the plumbing in a building being erected by another, under a separate contract with said owner, *held*, the lien for such material furnished and labor performed.

attaches to said property as of the date the first material is furnished or the first labor performed, and not as of the date of the commencement of said building."

It is my opinion, founded upon a close scrutiny of the cases herein cited and an analysis of the controlling statute, 42 O.S. 1951 § 141, that where the erection of a building is one continuous project, all liens for labor performed on, and material furnished for, such building have their priority dating from the commencement of the building and are co-equal with each other but superior to the lien of a mortgage executed thereon subsequent to its commencement and during the course of its construction, if and only if the work or material, for which the lien was claimed was performed or furnished as a part of an over-all plan as evidenced by an over-all contract or one of several contracts, antedating the mortgage.

No such showing was made by the lien claimant herein and as pointed out in the Fleharty case, supra,

"While the statute giving liens to materialmen and laborers for their supplies and labor, is to be liberally construed so as to afford the security intended, it cannot be too strongly impressed upon them that they must not only bring themselves within the provisions of the statutes, but they must be prepared, if the priority of their lien is disputed, to show compliance with those provisions, and to fix with certainty the commencement of their work."

In the present case the owner of the property was constructing the building under separate and distinct contracts with the laborers and materialmen. There was no general contractor. Those who furnished labor and material did so by direct dealing with the owner. The note and mortgage to defendant in error were executed January 31, 1955, and the mortgage filed of record February 5, 1955. The labor performed and material furnished by plaintiff in error was between the dates of August 1, 1955 and September 20, 1955.

It is therefore my conclusion that the plaintiff herein has failed to establish a factual situation entitling its lien to priority over the mortgage lien of the defendant and that the judgment of the trial court should be affirmed.

For these reasons, I respectfully dissent.