**FLEHARTY & CO. v. NATIONAL LOAN & INVESTMENT CO. et al.**

No. 10902—Opinion Filed May 22, 1923.

(Syllabus.)

**1. Mechanics' Liens—When Lien Attaches.**

Where material is furnished and labor performed under a contract with the owner of property to install the plumbing in a building being erected by another, under a separate contract with said owner, held, the lien for such material furnished and labor performed attaches to said property as of the date the first material is furnished or the first labor performed, and not as of the date of the commencement of said building.

**2. Same—Priority Over Mortgage — Presumptions.**

Where the lien for plumbing work dated from the furnishing of the first material or the performing of the first labor, and it appears from the record that said material was first furnished or said labor was first performed during the month of August, 1917, but the day of the month does not appear, it will not be presumed to have been furnished or performed before a mortgage executed on August 1, 1917, and recorded on August 24, 1917, so as to give said lien priority over said mortgage.

**3. Same—Burden of Proof.**

Materialmen and laborers asserting a lien upon real property for their material and labor, and claiming priority over mortgagees and others who have acquired interests in the property, must furnish proof of all that is essential to the creation of the lien; and that requires them to prove that such material was furnished or labor performed prior to the date said mortgage lien attached.

**4. Same—Priority of Mortgage.**

Record examined, and held, the court did not err in holding that the lien of plaintiff in error for plumbing work was subject to the mortgage lien of defendant in error.

Error from District Court, Cleveland County; F. B. Swank, Judge.

Consolidated actions involving priority of liens as between mechanic's lien, asserted by Fleharty & Company, and mortgage lien, asserted by the National Loan & Investment Company. Judgment for the latter, and the former brings error. Affirmed.

Shartel, Dudley & Shartel and Ralph O. Hardie, for plaintiff in error.

C. M. Keiger, for defendants in error.

MASON, J. This was an action commenced by the Minteer Hardware Company against Mary Bell Hayden and Ruben J. Hayden, her husband, and others, including the National Loan & Investment Company, to foreclose a materialman's lien on lots 5, 6, and 7, in block 15, T. R. Wagoner's First Addition to the city of Norman, Cleveland county, Okla.

The plaintiff in error here was not made a party to that suit, but later was permitted to file a petition of intervention for the foreclosure of a materialman's lien on said property for material furnished and labor performed under a contract with the Haydens to do plumbing work on said property.

Later, the defendant in error the National Loan & Investment Company commenced an action against Hayden and wife and others to foreclose a mortgage in the sum of $10,000 against said property. The Minteer Hardware Company recovered judgment in the first case, which was later paid and satisfied. Thereafter, the two cases were consolidated and tried by the court without a jury, which resulted in the judgment for the defendant in error the National Loan & Investment Company, foreclosing its $10,-000 mortgage as a first lien on said property and establishing the claim of the plaintiff in error. Fleharty & Company, for the full amount sued for, but holding that it was subject to the mortgage lien of the National Loan & Investment Company.

The rights of the other parties were adjudicated and settled, and the only matter remaining for review is the action of the trial court with reference to the rights of the plaintiff in error, Fleharty & Company, and the defendant in error the National Loan & Investment Company.

The only errors presented by the counsel for plaintiff in error in their brief are as follows:

"(1) That said court erred in overruling the motion of the plaintiff (intervener in the court below) for a new trial.

"(2) That said court erred, particularly as a matter of law, in holding that plaintiff in error's lien as to the labor performed upon the building in controversy was not superior to the mortgage lien of the defendant in error the National Loan & Investment Company.

"(3) That the judgment of the trial court is contrary to law."

All of which we will consider at one time.

The evidence discloses that Hayden and wife, who had purchased the property involved herein from the National Loan & Investment Company, borrowed $3,500 from

said company in December, 1916, and $3,-500 in February, 1917; that each loan was secured by a mortgage on said property; that the Haydens were making certain improvements on said property at that time, and that additional money was needed. So, on August 1, 1917, the $10,000 mortgage involved herein was executed and the company, after deducting the amount due upon the two $3,500 loans, paid the balance to laborers and materialmen, with the exception of $31.23, which was paid to Hayden and wife. This mortgage was duly recorded on August 24, 1917.

Counsel for plaintiff in error contend in their brief that the contract for the plumbing of said building was made prior to the first of August, 1917, and the first work was done under said contract on August 15, 1917, 15 days after the execution of the $10,000 mortgage, and nine days before the recording thereof. They further contend that the construction of the building was under way at the time said mortgage was recorded, and therefore the lien of the plaintiff in error is superior to the mortgage lien of the loan company.

Priority of liens of this nature is determined by section 7461, Comp. Stats. 1921 (section 3862, Rev. Laws of 1910), the applicable portion of which is as follows:

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material for the erection, alteration or repair of any building, improvement or structure thereon; or who shall furnish material or perform labor in putting up any fixtures, machinery in, or attachment to, any such building, structure or improvements; * * * shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances. * * * Such liens shall be preferred to all other liens or incumbrances which may attach to or upon such land, buildings or improvements or either of them, subsequent to the commencement of such building, the furnishing or putting up of such fixtures or machinery, * * * and such lien shall follow said property and each and every part thereof, and be enforceable against the said property wherever the same may be found, and compliance with the provisions of this article shall constitute constructive notice of the lien claimant's lien to all purchasers and incumbrancers of said property or any part thereof, subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor."

It is undisputed that the plaintiff in error complied with the next section of the statute by filing his lien with the statement thereto attached in the proper manner and within the time as therein provided.

We cannot agree with counsel for plaintiff in error that the lien for plumbing, which was done under a contract with the owner of the property, would attach from the commencement of the building, which was erected under a separate contract between the owner of the property and the builder, to which the plumbing company was not a party. Our construction of section 7461, supra, as applied to this case, is that the lien for the plumbing attached or became operative on "the date of the furnishing of the first item of material or the date of the performance of the first labor" under the plumbing contract.

There is no contention that plaintiff in error had any knowledge of the execution of the $10,000 mortgage before the same was filed for record on August 24, 1917.

The defendant in error contends that the plumbing was done under two separate and distinct contracts, one for the "roughing in" work, which was done during the month of August, 1917, and the other for the installing of plumbing fixtures, which were selected and installed during the early part of 1918. In support of this, the defendant in error cites the testimony of Mr. Fleharty, wherein he made the statement after the "roughing in" work was finished that "money would have to be in sight before he would do any more work on the job."

It is admitted that the lien of the plaintiff in error is for the material furnished and the labor performed during the early part of 1918, but plaintiff in error contends that the work of August, 1917, and the work performed during the early part of 1918 were under one contract, and that its lien attached as of the date of the first work in August, 1917. We cannot say we agree with plaintiff in error that this was one contract, but nevertheless we will decide the case on that theory. When, then, was the first work performed?

Counsel for plaintiff in error contend in their brief that the contract was made prior to August 1, 1917, and the first work performed thereunder on August 15, 1917. The record, however, does not bear out this contention. Nowhere does the record disclose the date or the terms of the contract. The only references we have been able to find in the record relative to when the first work was performed are as follows: At page 122 of the case-made, the plaintiff

in error, Mr. Fleharty, testified as follows:

"Now did you do any work on the property in block 15, on lots 4, 5, and 6, during the years 1917 and 1918? A. Yes, sir."

At pages 132 and 133 of the case-made, the witness Mr. Asbury, a member of the plumbing company, testifies as follows:

"Q. Well, do you know whether you were doing any work on this property, Mr. Asbury, during the time of 1917? A. Yes, sir. Q. What were you doing? A. Well, we did several things out there along in the summer. I think practically all the rough work, I wouldn't be positive about that. I know we run the sewer to the house and did some of the rough work. Q. In 1917? A. Some of the rough work."

Again, at page 131 of the record, the witness Mr. Fleharty testified as follows:

"Q. Mr. Fleharty, did you do any work on this property in August, 1917, on the Hayden property? A. Yes, sir."

There is no evidence of the time in August, 1917, when the first work of the plaintiff in error was done. It might have been done after the mortgage of the defendant in error was recorded. We cannot presume, in the absence of proof to that effect, that the work was commenced before that time, and thus give to the lien for the work and material priority over the mortgage. The failure of the plaintiff in error to show the commencement of the work, when the proof of that fact must have been within his power, leads to the conclusion that the truth would not have subserved its interests. At any rate, as the case stands, there is nothing in the record which warrants a subordination of the interests of the mortgagee to the lien of the plaintiff in error.

While the statute giving liens to materialmen and laborers for their supplies and labor is to be liberally construed so as to afford the security intended, it cannot be too strongly impressed upon them that they must not only bring themselves within the provisions of the statutes, but they must be prepared, if the priority of their lien is disputed, to show compliance with these provisions, and to fix with certainty the commencement of their work, in which particular the proof here is wanting.

From the foregoing, we must conclude that the trial court did not err in holding that the lien of the plaintiff in error for plumbing work was subject to the mortgage lien of defendant in error. Therefore, the judgment of the trial court will be affirmed.

JOHNSON, C. J., and KANE, KENNAMER, and HARRISON, JJ., concur.