### KEY et al. v. HILL.

No. 11466—Opinion Filed June 26, 1923.

1. **Appeal and Error— Review— Verdict— Conflicting Evidence.**

Where a case is tried to a jury, they are

the triers of the facts, and where there is conflicting evidence, it is not the province of the appellate court to weigh the evidence.

**2. Same.**

Where there is evidence in the record reasonably tending to support the verdict of the jury, and no substantial error appears in the record prejudicial to the plaintiff in error, the judgment should not be disturbed on appeal.

**3. Mechanic's Liens — Foreclosure — Attorney's Fee—Reasonableness.**

The law allows reasonable attorney fees in foreclosure of laborers', mechanics' and materialmen's lien cases, but there is no fixed standard of what is reasonable. Attorney fees are usually based upon the amount involved and the amount of work done, and where a witness for the plaintiff testified that $1,000 would be a reasonable fee, and a witness for the defendant testified $200 would be a reasonable fee, and it appears that the amount claimed by plaintiff was approximately $2,600, and the defendant makes claim against plaintiff for damages, making it necessary to defend against such claim, and the trial lasts three days and a verdict returned for plaintiff for $1,250, and motion for new trial was filed and the trial judge had the whole matter of the work done, before him, and fixed the fee for plaintiff's attorney at $500, the appellate court cannot say that the amount is unreasonable and exorbitant.

**4. Mechanics' Liens— Priority— Mortgages.**

By sec. 6461, Comp. Stats. 1921, such liens are given a priority over all subsequent incumbrances, and where a loan company takes a mortgage and makes a loan upon lots while buildings to be placed thereon are in course of construction, such loan company acquires its rights with full notice of lien claims of laborers, mechanics, and materialmen accrued and accruing, until the construction of the buildings is completed.

**5. Mechanics' Liens—Lien Claims—Amendment of Statement.**

Where a laborer, mechanic, or materialman files his lien claim within four months after the completion of the labor or other service rendered, or the last of such materials furnished, in the office of the court clerk in the county where the property sought to be charged is located, and such lien claim gives the name of the owner of the property, the name of the claimant and describes the property to be charged with the lien, and fixes the amount of the claim, and gives the date the last services were performed or material furnished, and where the claimant has signed the lien claim and the verification thereto, it is not fatally defective and a nullity, even though no itemized statement is attached thereto, and the officer before whom the claim is verified fails to sign the jurat at the end of the claim, or even though the claim is not in fact verified; and upon the trial of the case brought to foreclose such lien the trial court should permit the lien claim statement to be amended under section 7478, Comp. Stats. 1921, in furtherance of justice, by attaching thereto the itemized statement and by permitting the lien claimant to verify the claim.

**6. Same — Foreclosure — Compliance with Statutes.**

Where a laborer, mechanic, or materialman files suit for foreclosure of his lien, in the office of the court clerk in the county where the property sought to be charged is located, within four months after the completion of the services rendered or the last item of the material is furnished; and regularly prosecutes such suit, there is substantial compliance with the lien statutes, and no other lien statement need be filed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Walter L. Hill against J. B. Key, Annie B. Key, and Farm & Home Savings & Loan Association of Missouri, a corporation. Judgment in favor of plaintiff, and defendants appeal. Affirmed.

George C. Biedleman and Wallace & Stephens, plaintiffs in error.

A. L. Emery, defendant in error.

Opinion by SHACKELFORD, C. The plaintiff, Walter L. Hill, begun this action in the district court of Okmulgee county, Okla., against the defendants by filing his petition in the district court on the 20th day of April, 1919. Suit was brought for a balance of $2,620 claimed to be due and unpaid upon a written contract made between the plaintiff and defendant J. B. Key, under which contract the plaintiff was to render services for the said defendant in the erection of two certain buildings, one to be erected on North 7th street and the other to be erected on East 7th street, both in the city of Okmulgee, and to have the same declared to be a lien upon the said buildings and the lots upon which they are located, and for foreclosure to satisfy whatever judgment might be recovered and the costs incident to the action including a reasonable attorney fee, alleged to be in the sum of $300. The defendant Farm & Home Savings & Loan Association of Missouri, a corporation, appears to hold mortgages of record upon the property described, and was made a party defendant for that reason.

Plaintiff sought to have the amount found to be due him declared a prior lien to the mortgages held by said corporation. The contract sued on was dated May 1, 1918. The lien claim of the plaintiff seems to have been dated April 29, 1918, and was filed in the office of the court clerk at about the time the suit was filed.

The defendants J. B. Key and Annie B. Key appeared and filed a motion to make plaintiff's petition more definite and certain, which motion was sustained in part and overruled in part, and on the 3rd day of July, 1919, plaintiff filed an amendment to the petition in which he changes his claim for attorney fees from $300 to one per cent. of the cost of the construction of the buildings on which the lien was sought to be foreclosed. All of the defendants joined in the answer to the petition, which answer was filed August 6, 1919. In the answer defendant J. B. Key admits that he entered into the contract sued on but denies that the plaintiff has carried out the contract, and alleges that the plaintiff has greatly damaged him by his failure to perform, and prays damages in the sum of $8,000. On behalf of the defendant corporation, the answer pleads that the corporation is an innocent holder, in that at the time of taking the mortgages, it knew nothing of the plaintiffs' contract or lien claim. The mortgages were dated June 20, 1918, and were filed for record on June 22, 1918.

Issues were joined by the reply on the part of the plaintiff, by way of general denial, on the 15th day of September, 1919. The case was tried to a jury, the trial beginning on the 10th day of October, 1919, and a verdict returned by the jury on the 13th day of October, 1919, in favor of the plaintiff, and fixing the amount of his recovery at $1,250. Defendants filed their motion for a new trial on the 15th day of October, 1919.

It seems that the matter of attorney fees for plaintiff was, by agreement of the parties, reserved for the court, until a later date. However, one witness testified for the plaintiff upon the trial that a reasonable fee in the case would be $1,000. At a later date and upon a hearing before the court at which all the parties appeared, a witness for the defendants testified that $200 would be a reasonable fee for plaintiff's attorney. The court fixed the attorney fee at $500, and entered judgment for the plaintiff against the defendant J. B. Key for $1,250, debt, $500 attorney fee, and held the same to be a prior lien upon the buildings and on the

lots upon which the buildings were located, and entered judgment of foreclosure.

The defendants filed a supplemental motion for a new trial, assigning errors of the court occurring upon the trial, the insufficiency of the evidence, error in assessment of attorney fee in the exorbitant sum of $500, and error of the court in holding that the plaintiff's claim was a first and prior lien upon the property.

The original and supplemental motions for a new trial were overruled, and the defendants appealed.

The parties will be referred to as they appeared in the trial court.

The defendants make eleven separate assignments of error, but number them in their brief under seven propositions.

1. The first proposition relates to the insufficiency of the evidence to support the verdict and judgment.

The contract entered into between the plaintiff and defendant J. B. Key provided that plaintiff should have for his services in doing the things required to be done in the contract, four per cent. of the entire cost of the buildings on which the lien is sought to be enforced, and in addition thereto was to have the net cost of certain doors and window frames, store fronts, inside trim and other mill work, amounting to something over $500. The plaintiff's testimony tended to show substantial compliance with the contract, and that the cost of the buildings amounted to more than $65,000, and that the net cost of materials furnished amounted to something over $500. That he had been paid $1,400, leaving due him, as he contended, more than $2,000. The defendant's testimony tended to show utter disregard for the contract, and that instead of defendant Key being indebted to the plaintiff, he had been damaged by plaintiff, in, as he put it, from $3,000 to $12,000. There was a direct conflict in the testimony in many particulars. The evidence was submitted to the jury, who were the triers of the facts. It has been decided in many cases in this court that we will not weigh the evidence here.

2. The second proposition is as to errors of the court in admitting incompetent evidence; the particular complaint being made that the evidence offered and objected to tended to vary the terms of the written contract. The evidence complained of is not set out in the brief, but our examination of the record leads us to think that the evidence was offered and admitted for the purpose of tending to show what was done under the con-

tract rather than to vary its terms. This was permissible.

3. The third proposition is that the court failed to properly instruct the jury.

We have examined the instructions given by the court, and are of the opinion that the instructions given to the jury were more favorable to the defendant J. B. Key than he was entitled to. The instructions are not conflicting in any material sense when they are considered as a whole, but in the main fairly submitted the issued to the jury. The instruction requested by the defendants was not a proper declaration of the law applicable to the evidence in this case. It is as follows:

"The court instructs you that if you believe from the evidence that the plaintiff did not possess and exercise the skill of a person ordinarily skilled in the business and profession of an architect in the preparation of the plans for defendant's building that your judgment should not only be for the damage sustained by the defendants but he cannot recover compensation for his work in preparing said plans if you find that he did so fail."

This instruction seeks to minimize plaintiff's recovery by taking away from him the right to compensation for plans and specifications for the buildings, when there is no proof as to the cost of making the specifications or of how much the plaintiff had claimed for this part of the work; and, moreover, was in effect a direction to the jury to return a verdict for damages against plaintiff if they should find that he was not a skilled architect, without in any way submitting to the jury a rule or measure for determining such damages, and without saying to the jury that the damages referred to would be only such as arose because of the insufficiency of the plans. The defendants were not entitled, under the proof, to the instruction requested, and there is no substantial error prejudicial to defendants in the instructions given.

5. The fifth proposition presents the contention that the attorney fee allowed by the court was exorbitant. There is no fixed standard for attorney fees. The law allows reasonable attorney fees in cases of foreclosure of mechanic's, laborer's, and materialmen's liens. What is reasonable is to be determined by the court and is a matter of proof, and depends upon the amount involved and the services rendered. In this case plaintiff was suing to foreclose a lien claim for more than $2,600. The defendant countered with a claim for damages amounting to $8,000. Thus the difference between the parties amounted to more than $10,000.

One witness said a reasonable fee would be $1,000, and another thought $200 would be reasonable. In addition to that, the trial court had full knowledge of the work done and fixed the fee at $500, and we do not feel disposed to disturb it here.

The plaintiff now insists that he should have $250 more because of the work done by his attorney in this court, but no precedent is pointed out for increasing an attorney fee here, and we feel that the trial court probably had in mind, in fixing the fee, that the case would be appealed, and there would be additional work to be done.

6. Defendants' sixth proposition is that the court erred in finding that plaintiff's claim is a prior lien to that of the mortgages held by the defendant corporation.

The contract under which the plaintiff rendered services is dated May 1, 1918, and the proof tends to show that plaintiff began rendering services under the contract at about that time or soon thereafter, and before the mortgages to the defendant corporation were executed. The mortgages were dated June 20, 1918. The proof tends to show that the plaintiff was on the job at the time the mortgages were executed, and until the completion of the buildings on or about the 1st day of January, 1919.

Section 6461, Comp. Stats. 1921, after providing for the lien, of one performing labor or furnishing material in the erection of a building, further provides:

"Such liens shall be preferred to all other liens or encumbrances which may attach to or upon such land, building, or improvements or either of them subsequent to the commencement of such building. ***"

The mortgagee would take notice of the rights and liens of laborers, mechanics, and materialmen existing at the time the mortgages were taken. The mortgages were taken long before the buildings were completed and while they were in course of construction, so it appears that the mortgagee took with the notice, not only of rights accrued, but of rights thereafter accruing to the laborers, mechanics, and materialmen in completing the construction of the buildings upon which it was granting a loan, and its mortgages were taken subject thereto. If the plaintiff took proper legal steps under the Code to perfect his lien, then he is entitled to a priority over the mortgagee.

The proof tends to show, and it does not seem to be seriously disputed, that the construction of the buildings was completed about the 1st of January, 1919, and that

plaintiff was on the job until the construction was completed. The plaintiff had four months from the last services rendered to file his lien claim, and within the four months plaintiff attempted to so file it. The instrument contained a description of the property, the name of the owner, the name of the claimant, the amount claimed to be due, the kind of service rendered, and the date when the services were completed, showing that such completion was within four months of the filing of the claim in the office of the court clerk of Okmulgee county. The claim was signed by the plaintiff and the affidavit or verification attached thereto was signed by the claimant, but it does not appear from the certificate whether the same was sworn to. It may not have been sworn to, or it may have been that the officer before whom the verification was made failed to sign the jurat. When plaintiff offered this lien claim in evidence, it was objected to and excluded by the trial court for the reason that it had not been verified. The learned trial judge was in error in refusing to admit the lien statement: It should have been amended or treated as amended under section 7478, Comp. Stat. 1921, in furtherance of justice.

In the case of Ketchum v. Cunliff et al., 77 Okla. 287, 187 Pac. 1095, such amendment was permitted, and it was held by this court to be the proper procedure.

However, the court held in this case that since the suit was filed within four months of the completion of the services for which the claim was made, that this was a sufficient compliance with the statute requiring a claimant to file his lien claim in the office of the court clerk within four months. This was not error. Where a suit to foreclose a lien is filed in the office of the court clerk in the county where the property sought to be charged is located, and summons issued thereon and service had upon the defendants, there is no necessity for filing a lien claim in addition thereto.

The plaintiff's judgment constitutes a prior lien upon the property sought to be charged, to that of the defendant corporation under its mortgages.

4, 7. The defendants' fourth and seventh propositions, relating to the ruling of the court upon the defendants' motion and supplemental motion for a new trial, do not merit further consideration.

Having found no error in the record prejudicial to defendants, we recommend that the judgment be in all things affirmed.

By the Court: It is so ordered.