**MUTUAL OIL & GAS CO. v. CHRISTIE et al.**

No. 15125—Opinion Filed June 30, 1925.

Rehearing Denied Dec. 8, 1925.

**1. Oil and Gas — Mechanics' Lien Under Written Contract Altered by Executed Oral Contract.**

Section 7464, Comp. St. 1921, providing for an oil and gas lease lien, requires that there be a contract, express or implied, between the parties. Such contract may be written or oral or a written contract altered by an executed oral one.

**2. Same—Lien Under Written Contract May Inure to One Performing Under Oral Alteration.**

Where copartners have performed labor under a written contract whereby they are entitled to a mechanic's lien on an oil and gas mining lease and property, the lien for part of the work under such written contract may be carried over in favor of one of the partners, who, under an oral agreement altering the written contract, continues the work.

**3. Appeal and Error—Briefs—Waiver of Error.**

An assignment of error which is not set out and argued in the brief will be considered as waived.

**4. Contracts—Performance "Immediately."**

Where a contract provides that the work shall commence "immediately," that word must be construed as such convenient time as is reasonably requisite to do the thing, for the word has a relative meaning, and will imply a longer or shorter period, according to the nature of the thing done.

(Syllabus by Estes, C.)

Commissioners' Opinion' Division No. 2.

Error from District Court, Lincoln County; H. W. Johnson Judge.

Action in which J. L. Christie and Charles H. Smith were cross-petitioners against Mutual Oil & Gas Company. Judgment for cross-petitioners, and Mutual Oil & Gas Company brings error. Affirmed.

Samuel A. Boorstin and J. D. Johnson, for plaintiff in error.

H. M. Jarrett and J. M. Grubbs, for defendants in error.

Opinion by ESTES, C. J. L. Christie and Charles H. Smith had judgments on their cross-petitions against Mutual Oil & Gas Company for labor and material in the drilling of an oil and gas well and foreclosing their liens on the leasehold and property belonging to the Mutual, from which the latter appeals.

1, 2. It is first assigned that there was no valid contract between Christie and the Mutual for obtaining his lien. Section 7464, Comp. St. 1921, providing for an oil and gas lease lien, requires that there be a contract, express or implied, with the owner of the leasehold. The Mutual entered into a written contract on June 13, 1922, with Christie and one Wright, copartners, for drilling its partially completed well to a depth of 3,500 feet, if oil was not found at a less depth, for $16,000, or $8 for the footage, if not drilled to said depth. Pursuant thereto, said partners drilled the well an additional 200 feet, beginning on June 27th. On November 26th Wright absconded, at which time there was due the copartners $1,080. for drilling during the previous month. There is sufficient quantum of evidence to support the finding of the court that on said last date the Mutual entered into an oral agreement with Christie—pleaded in his reply— for the latter to continue the drilling under the terms of the written contract, Christie to be paid also $36 per day for pulling certain defective casing. Christie pleaded that his oral contract was dated June 27th, but the court found there was no oral contract of that date. The theory of Christie was that the oral contract of November 26th re-

lated back to June 27th, when the first labor was performed. Fleharty & Co. v. National Loan & Investment Co. et al., 89 Okla. 292, 215 Pac. 744. He testified also that the Mutual was to pay him the said balance due on that date of $1,080, and to protect him against the claims of his former partner, Wright. The law is satisfied if there was in fact a contract. The oral agreement of November 26th was performed, for the drilling was continued by Christie until the following January, when the work was stopped by order of the Mutual. The effect of his oral agreement was an alteration of the written contract of June 13th. It is elementary that a written contract may be altered by an executed oral one. Clark v. Slick Oil Co., 88 Okla. 55, 211 Pac. 496. Here, Christie and Wright were entitled to a lien for the $1,080 of labor performed prior to the oral agreement with Christie. The latter, under oral agreement with the Mutual, altering the written agreement, continued the work. The oral agreement was such as to carry the lien rights for the $1,080 in favor of Christie. The contention that there was no valid agreement as a basis for Christie's claim is technical and without merit. Likewise, the next assignment, that Christie must recover if at all, on the contract alleged in his petition and relied on in the mechanic's lien, is untenable for that, under the evidence and finding, the oral agreement was in fact made on November 26th, although plaintiff pleaded, and his lien statement showed, that same was made on June 27th, the date when the work began under the written contract. As suggested in Shaw et al. v. Stewart et al. (Kan.) 23 Pac. 616, the foreclosure of the mechanics' lien, under the statute, is an equitable proceeding in which the powers of the court are invoked to mould the remedy, within the provisions of the statute, to suit the circumstances of the case. The equities in the instant case are with Christie. It is uncontroverted that he was employed by the Mutual and did the work. The fact that his partner, Wright, quit the contract, and Christie undertook, by special arangement, to complete the work, leaves no ground for the technical objection that there was no contract, or that the contract found by the court was not the contract declared upon. These statutes will be liberally construed to protect workmen, contractors, and materialmen. Mellon v. St. Louis Union Trust Co. 225 Fed. 693. It was proper for Christie to introduce the written agreement of June 13th as the basis for the agreement whereby the work was continued. Christie's

action was, in fact, for a balance due after giving credit for the amount paid by the Mutual. Included was an item for removing collapsed casing, which the court found on competent evidence was due to the fault of the Mutual in furnishing defective casing.

3. It is further contended that the judgment of the trial court should be modified for that the Mutual was not responsible to Christie at the rate of $36 per day during the time the property was in the hands of a receiver. This question is considered as waived because not properly set out and argued in the brief.

Smith's claim was for building the rig. The court found that the agreement between Smith and the Mutual was that Smith should begin immediately upon the construction of the rig. Counsel for plaintiff in error insist that, under this finding of fact, the court erred in not allowing the Mutual the set-off of $504 damages claimed to have been suffered by it through the delay of Smith in commencing. "Immediately" must be construed as such convenient time as is reasonably requisite to do the thing, for the word has a relative meaning, and will imply a longer or shorter period according to the nature of the thing done. Ephrata Water Co. v. Borough of Ephrata. 20 Pa. Super. Ct. 149, 154. The point where the rig was to be constructed was about 30 miles from Cushing, where portions of the material for building the rig were obtained, and other portions of the material for building the rig had to be obtained at Drumright and Oilton, which were ten or fifteen miles farther away. The parties knew that all of this material had to be hauled by truck or wagon to the place where the rig was to be built, and there is nothing to indicate that Smith did not use due diligence in assembling the material and beginning the construction of the rig; and, under all the circumstances, the trial court properly held that the terms of the contract had been complied with by Smith, and that he was not chargeable with the damages claimed by the Mutual. It is unnecessary to notice other contentions. Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. pp. 50, 67. (2) 27 Cyc. p. 24. (3) 4 C. J. p. 1068, § 3057. (4) 31 C. J. pp. 247, 249, 250.