**FIRST NAT. BANK OF BETHANY**
v.
**EAGAN et al.**
No. 35417.

Supreme Court of Oklahoma.
Nov. 10, 1953.

158

---

Caldwell, Warren & Caldwell, Oklahoma City, for plaintiff in error.

Priest, Belisle & Fauss, Oklahoma City, for defendant in error, L. F. Eagan.

Keaton, Wells, Johnston & Lytle, Oklahoma City, for defendants in error, Roy Brown and Melvin L. McClure, co-partners, d/b/a Brown-McClure Lumber Co.

JOHNSON, Vice Chief Justice.

This action was brought in the District Court of Oklahoma County, Oklahoma by L. F. Eagan, a plumber, who claimed a Mechanic's and Materialman's lien on the property of Robert E. Hakes and Edwina Hakes for labor and materials furnished in the construction of a house for the Hakes, $487.12 for materials and $70.50 for labor, a total of $557.62 for which he claimed priority over the first mortgage lien of the First National Bank of Bethany, and Materialman's and Mechanic's lien for materials furnished by Brown-McClure Lumber Company, a co-partnership composed of Roy Brown and Melvin L. McClure. Answers and cross-petitions were filed by the Bank and Lumber Company, in which each set up the alleged amounts of their respective liens and claims.

Jury was waived and the cause tried to the court. When the trial was concluded the court rendered judgment in favor of each for the respective amounts claimed together with attorneys' fees and for foreclosure thereof, declaring the liens of Eagan and the Lumber Company co-equal as against the real estate involved, with priority over the judgment and mortgage lien of the Bank. The Bank excepted to the judgment insofar as it established the priority of the lien claims and exceptions were allowed. The Bank appeals from that part of the order and judgment giving priority of other liens over its mortgage lien.

The record discloses that Hakes, in 1948, purchased a house and moved it onto the back end of his lot, and allegedly completed it by installing plumbing and electrical fixtures, and occupied the same as a home until he moved out in April, 1950, and moved it to the front of the lot and attached a garage with an upstairs garage apartment.

It is the contention of the Bank that the house was finished and Hakes was living in it when its loan was made, and that the removal thereafter of the house to the front of the lot and enlargement of it by building a garage apartment and connecting the same to the house did not give such lien claimants who furnished labor and materials a priority over the Bank's mortgage by reason of such improvements made without its consent subsequent to the recordation of its mortgage on April 6, 1950. On the other hand, the other lien holders claim that the building of this house was one continuous operation beginning on January 1, 1949, and extending up to and through June 2, 1950, which, if true, the Bank concededly would have taken its mortgage lien with notice of these building activities and under the laws of this State would not be entitled to prevail against those furnishing labor and material thereon, 42 O.S.1951 §§ 141 and 142. Under these circumstances the question to be determined is one of fact; and, if no substantial error appears in the record prejudicial to the rights of the plaintiff in error, the trial court's judgment will be affirmed unless it can be said that a judgment based upon conflicting evidence is against the clear weight thereof. Key v. Hill, 93 Okl. 64, 219 P. 308.

The testimony of the witnesses for the Bank was to the effect that at the time the Bank took its mortgage the only improvements on the premises was the completed small house on the back of the lot on which no lien existed. The evidence of the other lien holders and Hakes was to the effect that the garage and garage apartment were in the process of construction at the time the Bank's loan was made pursuant to

former plans and agreements to furnish material for the completion of the enlarged building. Thus, it is obvious that there is a conflict in the testimony on the pivotal, or controlling issue, which was to be determined by the trier of the facts who evidently, by rendering judgment against the Bank, gave credence to and believed the version of the other lien holders and Hakes.

From the record we cannot say that the judgment of the trial court is against the clear weight of the conflicting evidence, therefore, the judgment is affirmed.

CORN, ARNOLD, O'NEAL and BLACKBIRD, JJ., concur.

DAVISON and WILLIAMS, JJ., dissent.