Julius Edgar SHUGART and Mildred Shugart, husband and wife, Plaintiffs in Error,

v.

L. F. PLATT LUMBER COMPANY, a partnership composed of L. H. Platt and Tenta E. Platt, Defendant in Error,

and

John Marshall, d/b/a John Marshall Plumbing Company, Defendant in Error.

No. 39752.

Supreme Court of Oklahoma.

Feb. 26, 1963.

Paul Harkey, Norman, for plaintiffs in error.

Luttrell & Luttrell, Norman, for defendant in error Platt Lumber Co.

William H. Mattoon, Norman, for defendant in error John Marshall Plumbing Co.

IRWIN, Justice.

Julius Edgar Shugart and his wife entered into a written contract with Cecil Ritter, a building contractor, to remodel their home for a consideration of $4100.00. Ritter prevailed on the Shugarts to advance to him $2100.00 of the contract price at the time the contract was executed. · Under this contract, Ritter purchased materials of the value of $507.03 from Platt Lumber Co. for use in the remodeling job and engaged John Marshall to do certain plumbing work on the house at a cost of $195.00. After tearing out the end of the house and after the plumbing work had been roughed in, Ritter abandoned the contract and refused to proceed further with the work. Ritter did not pay for the materials furnished or the plumbing installed and a few weeks later took bankruptcy.

The Shugarts completed the remodeling job at a cost of $3535.89 but did not pay the lumber company for the materials furnished under the contract to Ritter, nor pay John Marshall for the plumbing. Both lien claimants filed their lien statements and instituted separate suits to foreclose. Thereafter the cases were consolidated. Upon trial to the court, judgment was entered for the lien claimants for the amount prayed for, interest, costs and attorney fees. Shugarts' motion for a new trial was overruled and they perfected this appeal.

It is to be noted that the Shugarts' contract with Ritter was for $4100.00; that the liens total $702.03 and that the Shugarts expended $3535.89 for completion of the contract. It follows that if the judgment of the trial court is affirmed that the total cost for completing the contract, exclusive of the $2100.00 advanced to Ritter, will be $4237.92 or $137.92 more than the $4100.00 that the Shugarts agreed to pay Ritter for completion of the contract.

## PROPOSITION I

Shugarts contend that they never authorized the creation of the debts and the same were not their debts but the debts of Ritter, and the claimants have no lien against the property.

To sustain this contention the Shugarts assert that inasmuch as they had no dealings with the claimants, who were the subcontractors, and there is no evidence that Ritter acted as their agent in contract-

ing for the labor and materials, claimants do not have a lien upon the property.

■ While it is true that the Shugarts did not personally purchase the materials and did not employ the plumbing company to do the plumbing work, claimants did furnish the materials and plumbing was installed under their contract with Ritter, the original contractor. Ritter had a contract with the Shugarts to remodel their home and by virtue of this contract claimants were induced to furnish the materials and install the plumbing and in performing their contracts, they were subcontractors.

Title 42 O.S.1961 § 143, provides:

"Any person who shall furnish any such material or perform such labor as a subcontractor, * * * may obtain a lien upon such land, or improvements, or both, from the same time, in the same manner, and to the same extent as the original contractor, for the amount due him for such material and labor; * * *."

In Rogers v. Crane Co., 180 Okl. 139, 68 P.2d 520, we held:

"One furnishing material to original contractor to be used and in fact used in performance of his contract with owner comes within the scope of section 10977, O.S.1931 (42 Okl.St.Ann § 143), and is entitled to benefit of lien thereunder subject to the limitations thereof."

See also Dolese Bros. Co. v. Andrecopulas, 113 Okl. 18, 237 P. 844; and Mobley v. Leeper Bros. Lumber Co., 89 Okl. 95, 214 P. 174.

■ Since claimants (the subcontractors) furnished the materials and installed the plumbing for the original contractor (Ritter), and the same were used in performance of his contract with the owners, (Shugarts), claimants are entitled to assert their lien against the property.

## PROPOSITION II

The Shugarts contend that claimants, as subcontractors, cannot recover because Ritter (the original contractor) did not substantially comply with his contract with them.

To sustain this contention the Shugarts cite Holloman v. Britton, Okl., 346 P.2d 941, wherein we held:

"As a condition to allowing subcontractor mechanic's lien under a building contract which is entire and indivisible, substantial compliance with contract with owner must be shown."

■ The issue involved in the Holloman case was substantial compliance with the contract which is not involved in the instant action. Here, it is not urged that Ritter substantially complied with the contract as he completely abandoned the contract and the Shugarts completed the contract as was done in the case of Consolidated Cut Stone Co. v. Seidenbach, 181 Okl. 578, 75 P.2d 442; and Uhrich Millwork v. McGuire, 143 Okl. 16, 289 P. 264. In those cases the fact that the original contractor abandoned the contract did not extinguish the liens of the subcontractor but their liens attached for their proportionate share of the unexpended balance of the contract price.

We therefore hold that claimants' liens were not extinguished because the original contractor abandoned the contract before completion. However, this does not necessarily determine the amount of their liens as the total cost for completing the contract exceeded the contract price. The amount that claimants are entitled to are discussed in Shugarts' proposition III.

## PROPOSITION III

The Shugarts contend that an owner can not become liable for any amount greater than the amount he contracted to pay the original contractor.

In this connection the Shugarts urge that if the subcontractors are entitled to a lien, then the combined total of such liens should be limited to a total of $564.11 (the contract price of $4100.00 minus the $3,535.89 paid by the Shugarts to complete the contract) and this amount should be apportioned between claimants as their total lien and total

amount of recovery, including attorneys' fees.

■ In Gibson v. Dunham, Okl., 346 P. 2d 327, we held:

"Sub-contractor's lien and recovery against owner of property, for materials furnished contractor for improvements, is limited to the price stipulated in owner's contract with contractor. 42 O.S.1951, § 143."

■ In the instant action the contract was completed according to its terms and specifications and under authority of the above case, the total amount of plaintiffs' liens, exclusive of attorneys fees, can not exceed the sum of $564.11, which is the difference between the contract price of $4,100.00 and the cost of completion which is $3,535.89, and each claimant is entitled only to his proportionate share of said $561.41.

■ Title 42 O.S.1961 § 176, provides that in an action to enforce any lien, the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee to be fixed by the court. Shugarts contend that if attorney fees are allowed in the instant action that such fees would make the total cost more than the contract price and since the asserted liens are in excess of the contract price, attorney fees can not be fixed as costs.

If the Shugarts' contentions were the rule it would mean that Sec. 176, supra, is applicable only if an asserted lien is less than the contract price, then in that event, the amount of the attorney fees allowable could be no more than the difference between the asserted liens and the contract price. We do not construe our statutory provisions relating to the enforcement of liens in such manner and hold that the trial court did not err in allowing attorneys' fees in the instant action.

The judgment of the trial court is modified and judgment is entered against the Shugarts and in favor of the L. F. Platt Lumber Company in the amount of $407.41 (its proportionate share of the $564.41)

with interest at 6% from December 5, 1958 until paid, and all costs including the attorney fees allowed by the trial court; and judgment is entered against the Shugarts and in favor of John Marshall in the sum of $156.70 (his proportionate share of the $564.41) with interest at 6% from August 22, 1958 until paid, and all costs including the attorney fees allowed by the trial court.

Judgment affirmed as modified.

BLACKBIRD, C. J., HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, JACKSON and BERRY, JJ., concur.