**AMERICAN–FIRST TITLE & TRUST COMPANY, a corporation, Plaintiff in Error,**

v.

**Clyde G. EWING, E. G. Tannehill, Harold W. Kallenberger, d/b/a Kallenberger Air Conditioning Co., and James F. Pugh, d/b/a Tuxedo Floor Covering Co., Defendants in Error.**

No. 40524.

Supreme Court of Oklahoma.

June 15, 1965.

Richard H. Godfrey, Bruno H. Miller, Herbert Standeven, Marjorie Wilmarth, Oklahoma City, for plaintiff in error.

Arthur J. Boose, James H. Laughlin, Holliman, Brewer & Worten, Bartlesville, for defendants in error.

IRWIN, Justice.

First Federal Savings and Loan Association of Coffeyville, Kansas, hereinafter referred to as plaintiff, commenced proceedings against George A. Hawkins and his wife, to foreclose a mortgage on certain real estate in Bartlesville, Oklahoma. Defendants in Error, hereinafter referred to as defendants and Barlow Lumber Company, having furnished certain labor and supplies for the construction of a building on the mortgaged property, and having filed certain mechanics' and materialmen's liens against the mortgaged property, were joined as party defendants.

Plaintiff alleged the superiority of its mortgage lien over the mechanics' and materialmen's liens of defendants and Barlow Lumber Company, and sought judgment establishing the superiority thereof.

Defendants and Barlow Lumber Company, in separate answers and cross petitions, alleged the superiority of their mechanics' and materialmen's liens over plaintiff's mortgage lien and sought judgment establishing the superiority thereof.

American First Title and Trust Company, plaintiff in error, hereinafter referred to as Intervenor, having written a mortgage guaranty policy and subsequently becoming the assignee of all the interests of plaintiff, filed its petition in intervention at the instance of the plaintiff.

The trial court determined that Intervenor and defendants were entitled to foreclose their liens but ordered and adjudged that the mechanics' and materialmen's liens of defendants and Barlow Lumber Company were superior to the mortgage lien of Intervenor. Intervenor perfected this appeal from the order overruling its motion for a new trial.

## FACTS

The judgment foreclosing the mortgage lien and the mechanics' and materialmen's liens against George A. Hawkins and his wife are not an issue in this appeal and we will confine our consideration to the superiority of the liens.

George A Hawkins purchased a residential lot in Bartlesville, and construction of a house on the property was commenced. On September 29, 1960, a real estate mortgage was filed for record. Thereafter, Hawkins continued the construction of the house on the mortgaged premises. There was no general, or overall contract for the construction of the building, i. e., a so-called "turn-key" job, but each defendant and Barlow Lumber Company made separate oral contracts with the owner-builder (George A. Hawkins) for labor and material on separate segments of the construction.

After the trial the parties stipulated as to the facts presented to the trial court and upon which the judgment was entered. In this stipulation we find that:

"The mortgage was filed for record on September 29, 1960.

"Barlow Lumber Company commenced furnishing materials for the construction of the house on the mortgaged premises on or about September 27, 1960. For the purpose of this appeal, it was stipulated that the lien claim of Barlow Lumber Company was properly adjudicated by the trial court to be prior and superior to the mortgage lien."

After the mortgage lien was filed for record, defendants entered into separate oral contracts with the owner-builder (George A. Hawkins) whereby each defendant would perform certain labor and furnish certain materials on separate segments of the construction; and that defendants did furnish certain labor and materials, pursuant to their separate oral contracts with the owner, and each timely filed a proper lien statement.

## CONTENTIONS

Defendants contend that where the erection of a building is a continuous project, liens for labor performed and materials furnished by different parties under separate contracts with the owner-builder for different segments of such construction, have their priority from the commencement of the building, and if timely filed, are superior to and have priority over a mortgage lien placed thereon subsequent to the commencement of the building.

Intervenor contends that where labor is performed and material is furnished by several parties under separate contracts with the owner-builder for different segments in the construction of a building, even though it is a continuous project, separate liens attach as of the date the first labor is performed or materials furnished under the separate contracts, and not from the date the building is first commenced.

## CONCLUSIONS

For the purpose of determining the issues herein and for clarification, we will assume that the construction of the house was a continuous project and such construction was commenced prior to the time the mortgage lien was filed for record. This places squarely in issue the question of priority of liens where a mortgage lien attaches after commencement of construction and thereafter mechanics and materialmen furnish labor and material under separate contracts with the owner-builder on separate segments of the construction, as distinguished from a single or general contract for such construction and a mortgage lien attaches after commencement of construction. In other words, the determinative issue herein presented is: "Where the erection of a building is one continuous project and no general contract is involved and a mortgage lien attaches after construction is commenced, is the lien of the mortgage lien claimant superior to the liens of mechanics and materialmen who thereafter enter into separate contracts with the owner and furnish labor and material for separate segments of the construction; or are the liens of the mechanics and materialmen superior to the mortgage lien which attached after construction was commenced?" The trial court determined the liens of the mechanics and materialmen were superior to the mortgage lien.

It is conceded that the provisions of 42 O.S.1961, § 141, are controlling. The pertinent provisions of that statute are as follows:

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material for the erection, * * * of any building, * * * shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances. * * * Such liens shall be preferred to all other liens or encumbrances which may attach to or upon such land, buildings or improvements or either of them subsequent to the commencement of such building, * * *, *and such lien shall follow said property and each and every part thereof, and be enforceable against the said property wherever the same may be found, and compliance with the provisions of this Article shall constitute constructive notice of the claimant's lien to all purchasers and encumbrances of said property or any part thereof, subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor.*" (Emphasis ours.)

The italicized portion of the above statutory provision became a part of our laws by an amendatory act in 1919. See Oklahoma Session Laws, 1919, Chapter 258, page 367. It is to be noted that by virtue of this amendatory act, that compliance with the provisions of the article shall constitute constructive notice of claimant's lien, "subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor" and not "subsequent to the commencement of the building."

Although the 1919 amendment, italicized above, has reference to property which may be removed from the original situs, we have recognized that such amendment is also applicable to property which has not been removed. The case of Fleharty & Co. v. National Loan & Investment Co., 89 Okl. 292, 215 P. 744, presented issues and facts similar to those in the instant action. In both cases no general contract was involved and the mechanic lien claimants furnished labor and materials under contract with the owner after the mortgage lien attached, although the construction has been commenced prior to the attachment of the mortgage lien. In determining that the mortgage lien was superior to the materialmens' lien in the Fleharty case, we said:

> "We cannot agree with counsel for plaintiff in error that the lien for plumbing, which was done under a contract with the owner of the property, would attach from the commencement of the building, which was erected under a separate contract between the owner of the property and the builder, to which the plumbing company was not a party.
>
> "Our construction of section 7461, supra, as applied to this case, is that the lien for the plumbing attached or became operative on 'the date of the furnishing of the first item of material or the date of the performance of the first labor,' under the plumbing contract."

And we held:

> "Where material is furnished and labor performed, under a contract with the owner of property to install the plumbing in a building being erected by another, under a separate contract with said owner, held, the lien for such material furnished and labor performed attaches to said property as of the date the first material is furnished or the first labor performed, and not as of the date of the commencement of said building."

The Fleharty case, supra, was distinguished in Industrial Tile Co. v. Home Federal Savings & Loan Association of Tulsa, Okl., 331 P.2d 918, on the grounds that it did not appear in the Fleharty case that there was one continuous building project. On re-examination of the Fleharty case we can only conclude that the case was decided upon the grounds that there was one continuous building project but the materialman's lien claimant failed to prove that it furnished labor and materials prior to the attachment of the mortgage lien. We further conclude that the Fleharty case and the Industrial Tile case, supra, are inconsistent and we overruled, by implication, the Fleharty case although we said the Fleharty case was in conformity with our holding in the Industrial Tile case.

In the Industrial Tile case, supra, we construed Sec. 141, supra, upon an agreed statement of facts somewhat similar to the facts in the case at bar. In that case there was a continuous building project with no general contract involved and each lien claimant performed labor and furnished materials under his own separate agreement with the owner-builder. The mortgage lien attached after construction was commenced and we held that the mortgage lien was junior to the mechanics' and materialmen's lien even though the mechanics and materialmen furnished labor and materials after the attachment of the mortgage lien. In that case we said the determinative factor was that the owner-builder have one project and how many persons he enters into contracts with to complete the project was of no concern. We said that the mechanics' and materialmen's lien "attaches as of the date of the commencement of the building, not as of the particular date of the furnishing of the material or performance of the labor", and we held:

> "Under 42 O.S.1951 § 141 where the erection of a building is one continuous project, all liens for labor performed on and material furnished for such building have their priority dating from the commencement of the

building, and are coequal and superior to an encumbrance placed thereon subsequent to its commencement, during the course of its construction, and prior to the expiration of the lien filing period after its completion."

We can find no material distinction between the facts in the case at bar and the facts presented in the Fleharty case, supra, and the Industrial Tile case, supra, and without question, the judgment in the instant case is predicated upon our last pronouncement, i. e., our holding in the Industrial Tile case. However, since we have concluded the Industrial Tile case overruled, by implication, our holding in the Fleharty case, before disposing of the instant action by relying on the rule of law announced in the Industrial Tile case, we should re-examine Sec. 141, and the cases presenting the issue herein involved.

Priority of liens between mechanics' and materialmen's liens and mortgage liens generally fall into two broad categories, i. e., one category sustains the general principle that priority of liens is determined by the date of performing the first labor and furnishing the first materials; and the other category sustains the general principle that such priority is determined from the date construction is commenced. As will be hereinafter shown, the first general principle has been generally applied where there was no general contract of construction but the owner-builder entered into separate contracts with materialmen for certain segments of the construction; and the second general principle has been generally applied where there was a general contract of construction and construction was commenced prior to the time the mortgage lien was filed for record.

In Key v. Hill, 93 Okl. 64, 219 P. 308, the mortgage lien was filed after commencement and during the course of construction. We held that the lien claimant, who had a contract with the owner to construct the building and who commenced construction prior to the filing of the mortgage lien,

had a superior lien to that of the subsequent mortgage lien. In that case we said:

"The mortgagee would take notice of the rights and liens of laborers, mechanics, and materialmen existing at the time the mortgages were taken. The mortgages were taken long before the buildings were completed and while they were in the course of construction, so it appears that the mortgagee took, with the notice, not only of rights accrued, but of rights thereafter accruing to the laborers, mechanics, and materialmen in completing the construction of the buildings upon which it was granting a loan, and its mortgages were taken subject thereto. * * *."

In Sherbondy v. Tulsa Boiler & Machinery Co., 99 Okl. 214, 226 P. 564, we held the mechanics' lien was superior to a subsequent encumbrance where the mechanics' lien claimant had a contract with the owner of the land to construct a refinery and the subsequent encumbrance attached after the construction was commenced.

Although the language in the case of Dickason Goodman Lumber Co. v. Foresman, 120 Okl. 168, 251 P. 70, seems to support our conclusions in the Industrial Tile case, the Fleharty case was not discussed and we find the only case relied on or cited was a Kansas case. In this connection we said our mechanics' lien statutory provisions were adopted from the State of Kansas and that court placed a construction on its statutes in Kansas Mortgage Co. v. Weyerhaeuser, 48 Kan. 335, 29 P. 153, and we would be disposed to follow that construction. Although, we did adopt our mechanics' lien statute from the State of Kansas, as heretofore set out, we amended our statutes in 1919, and relied upon said amendment to support our conclusions in the Fleharty case. Also, an examination of the opinion in the Dickason case and the briefs filed therein, disclose the case was submitted and decided on questions of fact

and not upon a precise construction of Sec. 141, supra.

In Local Federal Savings & Loan Ass'n v. Davidson & Case Lumber Co., 208 Okl. 155, 255 P.2d 248, where the mortgage lien attached prior to the time construction commenced, we held the mortgage lien to be superior to the mechanics' and material-men's liens.

In First National Bank of Bethany v. Eagan, Okl., 263 P.2d 157, we affirmed the judgment of the trial court which resolved the issues in favor of the materialmen where the evidence disclosed that construction was in process pursuant to former plans and agreements to furnish material for the completion of the enlarged building when the mortgage was made.

▪ It seems to be the established law that where an owner enters into a general contract for the construction of a building and the building is commenced prior to the filing of the mortgage lien, the mortgagee acquires his rights with full notice of the lien claims of the contractor and his sub-contractors, accrued and accruing, under the terms of the contract between the owner and the contractor. However, the material-men's liens would be limited to the contract price stipulated in the contract. See Shugart v. L. F. Platt Lumber Company, Okl., 379 P.2d 698. The contractor and sub-contractor's liens are superior to the mortgage lien by virtue of our mechanics' and materialmen's lien statutes and are in harmony with the general rule of law that the owner could not, to the detriment of the general contractor and his sub-contractor, who had vested contract rights, subject or subordinate such rights to a mortgage lien to the detriment of the general contractor and his sub-contractor. By the same token, after the mortgage lien attaches, the owner and the contractor could not enter into a new contract in derogation of the mortgagee's rights.

▪ Under the above circumstances, a sub-contractor's rights, although statutory (See Title 42 O.S.1961, § 143), do not ac-crue by virtue of his performing labor or furnishing materials under a contract with the owner, but by virtue of a contract with the general contractor whose rights have accrued prior to the time the mortgage lien attaches. In other words, where a general contract is involved and the general contractor's rights are superior to those of the mortgage lien claimant, the sub-contractor rights are also superior to those of the mortgage lien claimant because he deraigns such rights through his general contractor and not through the owner.

▪ However, where there is no general contract and an owner commences construction of a building and no contract or lien rights have accrued or become vested, and the owner thereafter mortgages the property, a different situation exists. Under these circumstances the mechanics and materialmen furnish labor and material under contract with an owner-mortgagor who has mortgaged all his right, title and interest in and to the mortgaged property. See Title 16 O.S.1961, § 17, which provides that "all rights of a mortgagor * * * in and to the premises described * * * and existing at the time or subsequently accruing, shall accrue to the benefit of the mortgagee * * *." Under Title 46 O.S.1961, the record of such mortgage duly operates as notice to all subsequent purchasers and encumbrancers. Therefore, under our general statutory provisions, a materialman who furnishes labor and material for completion of or construction of certain segments of the building under contract with the owner after a mortgage lien attaches, does so with notice and knowledge that the property is encumbered with a mortgage; and, unless our mechanic and materialmen statutory lien provisions make an exception to the general rule, the mechanic and materialman's lien would be inferior to the mortagage lien.

Stated in another way, where an owner commences construction of a building and thereafter mortgages the premises, does the owner-mortgagor, under our mechanic and materialmen lien statutory provisions,

have the right to complete the construction of the building and subordinate the mortgage lien to mechanics' and materialmen's liens for completion of the building where there has been no general contract or accrued or vested rights in favor of the mechanics and materialmen when the mortgage lien attached?

Our holding in the Industrial Tile Co. case, supra, has the effect of answering the above question in the affirmative; while our holding in Fleharty & Co. v. National Loan & Investment Co., supra, has the effect of answering the above question in the negative.

In Basham v. Goodholm & Sparrow Inv. Co., 52 Okl. 536, 152 P. 416, the Court said:

"* * * before we can take the liberty to supplant a recorded mortgage with a subsequent lien without the holder's consent, the law under which it is done should be couched in such clear and unambiguous terms that one who accepts a mortgage upon a tract of land may know that it is possible to improve him out of his security without his consent. Such a radical law should and can be made manifest in language of plain and definite meaning, and should not be left open to surmise, conjecture, or doubtful construction."

In the instant action the mortgage lien claimant has "been improved out of his security", and in the future, mortgage lien claimants may be "improved out of their security," if we follow our decision in the Industrial Tile Company case, supra. Since such decision is in derogation of our general statutory provisions or an exception thereto, we will re-examine the language employed in Title 42 O.S.1961, § 141.

"Any person", as employed in Sec. 141, (which includes one or more persons) who shall, under contract with the owner, perform labor or furnish materials for the erection, alteration or repair of any building, shall have a lien upon the property, and "Such liens shall be preferred to all other liens or encumbrances which may attach

* * * subsequent to the commencement of such building, * * *." As stated in the Industrial Tile case, "There are no words of limitation restricting the effect thereof", which in effect means, that all of such liens shall be superior to all other liens or encumbrances which may attach "subsequent to the commencement of such building." It is to be noted that the above portion of Sec. 141, relates to a single lien or several liens which may attach and the same have superiority over all other liens or encumbrances which may attach subsequent to the commencement of the building.

However, by virtue of the 1919 amendment, which has been previously set forth, the Legislature prescribed the rights of a mechanic and materialman with reference to a specific or a single lien when it employed the following language, "*such lien * * * shall constitute constructive notice of the claimant's lien to all purchasers and encumbrances * * * subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor.*" (Emphasis ours.)

If we would construe Sec. 141, to mean that any and all liens relate back to the "commencement of the building", such construction would, under the facts in the case at bar, be in derogation of and not in harmony with Title 16 O.S.1961, § 17, or an exception thereto. Such construction would also mean that defendants' mechanics' and materialmen's liens in the instant action are superior to Intervenor's mortgage lien, by pure operation of Sec. 141, supra, notwithstanding the fact that defendants, prior to the time the mortgage lien attached, (1) had no privity of contract with the owner, (2) deraigned no contractual, accrued or vested rights through any one who had contractual, accrued or vested rights with the owner, (3) had full notice and knowledge of the mortgage lien when they first furnished labor and materials, (4) had no obligations to the owner or the mortgagee.

On the other hand, if we construe the amendatory act as controlling under the

facts herein presented, and as determined in the Fleharty case, such construction would not only be in harmony with Title 16 O.S. 1961, § 17, and the general laws governing the priority of liens and the contractual rights of the parties, but such construction would give force and effect to all the language employed in Sec. 141.

In other words such construction would give force and effect to the language in Sec. 141, supra, which provides: "Such liens shall be preferred to all other liens or encumbrances which may attach * * * subsequent to the commencement of such building", in those instances where a mechanic and materialman lien claimant had contractual, vested or accrued rights prior to the attachment of a mortgage lien. It would be also give force and effect to the language in Sec. 141, supra, which provides: " * * * subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor," in those instances where no general contract was involved and each mechanic and materialman entered into separate contracts with the owner to furnish certain labor and materials.

■ We therefore conclude and hold that when the erection of a building is one continuous project and no general contract is involved and a mortgage lien attaches after construction is commenced, the lien of the mortgage lien claimant is superior to the liens of mechanics and materialmen who thereafter enter into separate contracts with the owner and furnish labor and material for separate segments of the construction.

■ We further conclude and hold that anything to the contrary in Industrial Tile Co. v. Home Federal Savings and Loan Association of Tulsa, Okl., 331 P.2d 918, should be and the same is hereby overruled. We hold however, that since said case was the rule of law in this State when the rights of the parties became vested in the instant action, the rule of law announced herein should be prospective only and shall not affect the judgment rendered in the instant action.

Judgment affirmed.

JACKSON, V. C. J., and DAVISON, WILLIAMS, BERRY and HODGES, JJ., concur.

HALLEY, C. J., and BLACKBIRD, J., dissent.

HALLEY, Chief Justice (dissenting).

I respectfully dissent to the majority opinion in this case because I think that the case of Industrial Tile Company v. Home Federal Savings and Loan Association of Tulsa et al., Okl., 331 P.2d 918, is sound. It was adopted on June 10, 1958, and has been the law since and should not be overturned. It should control in this case.

To my way of thinking all that is involved here is the proper construction of 42 O.S.1961, § 141, and its application to the facts. It is not successfully denied that construction had started on the house involved here before the mortgage went of record. Section 141 has this language:

"* * * Such liens shall be preferred to all other liens or encumbrances which may attach to or upon such land, buildings or improvements or either of them subsequent to the commencement of such building. * * *"

This provision clearly favors those who perform labor or furnish material. It does not require a laborer to go check the records at the County Clerk's office to see whether a mortgage has gone of record since the building was started. The Legislature undoubtedly realized that it was better for the lending agencies to determine what improvements were upon the property when their mortgages are put of record. It is far better that they have this responsibility than a laborer. When a mortgage goes on record after a building is started the lending agency can protect itself by refusing to make a loan or by seeing that all bills are paid on the building

as they accrued. Lending agencies will simply have to know that work has not started on a house when their mortgage is put of record. This rule has been lived with for almost seven years. I think it is a mistake to change it when to do so would be against the plain provisions of Section 141, 42 O.S.1961.

I dissent.