**TULSA READY–MIX CONCRETE COMPA-
NY, McMichael Concrete Company, Ajax
Electric Company, Inc., and Industrial Tile
Company, Plaintiffs in Error,**

v.

**DALE CARTER LUMBER COMPANY,**
Defendant in Error.

No. 39874.

Supreme Court of Oklahoma.

Jan. 22, 1963.

As Corrected May 14, 1963.

Rehearing Denied May 21, 1963.

George E. Brewer, E. D. Brewer, Tulsa,
for plaintiffs in error.

Boesche, McDermott & Eskridge, Tulsa,
for defendant in error.

BERRY, Justice.

The parties, who appear here in reverse
order to their appearance in the trial court,
will be referred to herein as they appeared
in said court.

On and prior to September 17, 1959, a
Mr. Nuckolls owned a vacant lot in the
City of Tulsa, Oklahoma, of the approxi-
mate value of $7,000.00. Wishing to build
a $38,000.00 residence on the lot Mr. Nuck-
olls, in August of 1959, applied to the Ponca
City Building and Loan Association, here-
after referred to as "association", for a
$25,000.00 loan. It was provided in the ap-
plication that any *existing* mortgages, liens,
taxes, loan costs, purchase balances, con-
struction costs or other claims against the
property, which may come to your attention
or notice, and which are not paid by me, or
us, may be paid directly by you and deducted
from the loan proceeds. (emphasis sup-
plied)

On the first above mentioned date, asso-
ciation accepted the application. The ac-
ceptance was by letter, the body of which
reads thusly:

"We have considered your request for a real estate loan on the above together with plans for improvements which you expect to construct on the premises. We hereby approve this for a loan of $25,000.00 which we agree to disburse as follows:

"1) $6,000.00 upon completion of footings, foundation, slab and rough-in plumbing.

"2) $8,000.00 when house is enclosed

"3) $2,000.00 upon completion of sheetrock.

"4) $6,000.00 upon completion of exterior finish and interior trim

"5) Balance on completion of decorations

"It must be understood that this commitment is contingent upon no ground preparation or construction work prior to the filing of the mortgage."

Subsequently Mr. Nuckolls and his wife executed a promissory note in association's favor in the principal amount of $25,000.00 and a mortgage in a like amount, which mortgage covered the lot. The mortgage was promptly recorded.

After the mortgage had been recorded, the Nuckolls proceeded to construct the residence. In the course of such construction defendants, as did plaintiff, supplied materials. Upon the Nuckolls failing to pay for such materials, defendants and plaintiff timely filed liens.

Prior to filing of the liens, association had disbursed to Mr. Nuckolls the full amount of the loan, which disbursements were made in accordance with association's letter of acceptance. Association had no notice of the liens at the time it made the several disbursements.

Association assigned the mortgage to plaintiff. In the assignment association warranted the mortgage to be prior to all other liens on the lot. Thereafter, the Nuckolls, having failed to pay in accordance with the tenor of the note secured by the mortgage, plaintiff instituted the instant action to foreclose the mortgage and its materialmen's lien.

The defendants each filed appropriate pleadings in which they stated the amounts owing for materials which they furnished and the facts upon which a lien was asserted. They each sought judgment establishing their liens to be superior to plaintiff's mortgage lien and that their liens be foreclosed.

The case was tried to the court. Prior to trial the parties entered into a stipulation in which they agreed upon the amount of the claim asserted by each party and agreed that each claim should, as a lien, be foreclosed. They did not agree upon the priorities of the claims but agreed that the matter of whether the mortgage lien was superior or junior to the liens of defendants was the only issue to be tried by the court. This issue was resolved against defendants and judgment was accordingly entered for plaintiff. From order denying motion of defendants for a new trial, they perfected this appeal.

As indicated, the only issue presented by this appeal is whether the trial court erred in finding and holding that plaintiff's mortgage lien was superior to the materialmen's lien of defendants.

Defendants contend that (1) "A mortgage recorded before a building is commenced, is a construction mortgage and inferior in priority to liens arising out of the construction, when the mortgage is agreed to be made on the consideration that mortgagee is required to construct the building on the premises and the mortgage money is to be paid out only in installments, as the building progresses to the satisfaction of the mortgagee"; that a (2) "Materialmen's lien (will be) given priority over recorded mortgage where agreed between mortgagee and owner that proceeds of mortgage not be paid over till building constructed"; and (3) that association and the Nuckolls engaged in a joint enterprise which resulted in the Nuckolls becoming the agent for associa-

tion in building the residence, thusly subjecting the lot to the lien of defendants.

In support of contentions "(1)" and "(2)", defendants cite Home Savings & Loan Ass'n. v. Sullivan et al., 140 Okl. 300, 284 P. 30, hereafter referred to as "the Sullivan case", and Antrim Lumber Co. v. Claremore Federal Savings & Loan Ass'n., 204 Okl. 387, 230 P.2d 274. Defendants argue that the first cited case is squarely in point; that it sustains their contentions and is dispositive of this appeal.

In countering defendants' contentions, plaintiff argues that Local Federal Savings & Loan Ass'n. v. Davidson & Case Lumber Co. et al., 208 Okl. 155, 255 P.2d 248, hereafter referred to as "Davidson case", is squarely in point; that it sustains its position and is dispositive of this appeal. Plaintiff urges that Antrim Lumber Co. v. Claremore Federal Savings & Loan Ass'n., supra, tends to sustain its contention.

In the Sullivan case the trial court found that "The money to be paid out under this construction loan was to be held by the Home Savings & Loan Association at its Home office at Bartlesville, or by its agent, L. N. Ewing & Company, in Tulsa, to be paid to the various claimants for material furnished and work done in the course of construction of the building." Home Savings & Loan Association contended that there was no evidence supporting the finding to the effect that the loan in controversy was a "construction loan". The findings and judgment of the trial court were here affirmed. It follows that it was found that the quoted findings of fact of the trial court were not clearly against the weight of the evidence. In the body of the opinion, p. 32, 284 P., this was said:

"We have examined authorities from many jurisdictions, and, while the same are not all in harmony, we believe a majority of the courts hold that a prior recorded mortgage, for future advances as a building progresses, is a prior lien from the time of its execution and recordation as against lien claimants who furnish material or labor after the recording of said mortgage, although before all the advances are made. *But, under such circumstances, the making of the advances is obligatory upon, and not merely optional with, the mortgagee.*" (Emphasis supplied).

In view of the fact that it was agreed and understood between association and the Nuckolls that a residence was to be constructed; that the proceeds of the loan would be used in the construction; that the proceeds would be paid in installments as construction proceeded; that association reserved the right to pay lien claims, the Sullivan case tends to sustain defendants' contentions, but for reasons hereinafter given it is not dispositive of the issues presented by this appeal.

The facts presented in the Davidson case are very similar to the facts of the instant case. In that case it was understood and agreed between the mortgagor and mortgagee that the former would construct a residence and that proceeds of the loan would be expended for said purpose. The mortgage there as here was filed prior to lien claimants furnishing material, and there, as here, proceeds of the loan were to be paid upon construction reaching a stated point. While owners did not there expressly agree, as here, that lendor was privileged to pay bills for labor or material furnished, it was agreed that proceeds of the loan would be distributed only upon owner's showing that those furnishing labor or material had been paid. In view of the fact that association in the instant case had no knowledge of the claims asserted by defendants at the time it paid proceeds of the loan to the Nuckolls, the above mentioned difference in the facts are not thought material or as serving to distinguish the cited case from the instant case.

The trial court found and held in the Davidson case that the lien of the materialmen was superior to the mortgage lien. In reversing, we quoted from 57 C.J.S. Mechanics' Liens § 205(b), p. 773, as follows:

" 'In a majority of jurisdictions, a mortgage given to secure future ad-

vances has priority over mechanics' liens subsequently arising to the extent of the full amount advanced, including what is advanced after, as well as before, the accrual of the mechanics' liens, at least where the mortgage was recorded prior to the performance of services or the furnishing of the materials, and the making of the advances was obligatory on the mortgagee under the terms of his contract with the mortgagor * * *.' "

After having done so we stated that "Under the rule thus announced (which is above quoted), supported by our decisions, we are of the view that the (trial) court erred in giving the Lumber Co. first priority in the proceeds".

In using the phrase "our decisions" in the above quoted matter, as we read the opinion, reference was made to Basham v. Goodholm & Sparrow Inv. Co., 52 Okl. 536, 152 P. 416, to the effect that "The mere knowledge of a party who holds a recorded mortgage against certain land that the owner of the land intends to improve the same, or the knowledge that the owner is improving said land, will not warrant the subordination of the said mortgage to a materialman's lien filed upon said premises for material furnished in making said improvements" and cases from jurisdiction to the same general effect.

For a collection of cases treating with the issue under consideration, see annotated notes beginning at p. 179, 80 A.L.R.2d.

The significant and controlling features of the Davidson case and the instant case are these: (a) the loan contract entered into and the mortgage contemplated thereby was recorded prior to materials being furnished, and (b) the mortgagee was obligated to pay the proceeds of the loan to the owner at the time the payments were made. In the Davidson case the mortgagee was obliged to pay because construction had reached an agreed point and owner had been furnished proof that no charges for labor or material were unpaid. In the instant case the association was obliged to pay because construction had reached an agreed point and association at time of payment was without knowledge of unpaid bills.

We note that in the Sullivan case the mortgagee apparently was not as here obligated to distribute proceeds of the loan upon stated conditions being complied with. As to distributions made, it is stated in the opinion that "It appears that the money derived from the loan was not paid to Sullivan at any one time, but was distributed over a period of months, and at least one item in the sum of $1,000 above referred to was paid directly to materialmen who furnished material." The facts being as stated, justification did not exist for applying the rule that where the holder of a prior mortgage lien is obligated to distribute the proceeds of loan to the borrower, subsequent liens of materialmen will not be held superior to the mortgage lien. In any event, it was made clear in the Davidson case that the rule stated in the quotation from C.J.S. would be applied in cases such as this. We believe the rule sound and that it should be here applied.

As to defendants' remaining contention to effect that association and the Nuckolls entered into a joint enterprise and for said reason the materialmen's liens are superior to the lien of the mortgage, defendants have not cited a case applying such rule where, as here, the relationship of the parties was that of lender and borrower. We are of the conviction that the contended-for rule is wholly inapplicable to the facts presented by this case.

For reasons stated, the judgment of the trial court is affirmed.